EDWARD S. PACKARD & another *vs.* AGAWAM MUTUAL FIRE INSURANCE COMPANY.

A policy, on property represented in the application to be unincumbered, issued by a mutual fire insurance company, under the conditions and limitations expressed in their by-laws, one of which is that " unless the applicant for insurance shall make a true representation of the property on which he requests insurance, and of his title and interest therein, and also all incumbrances, and the amount and nature thereof, the policy shall be void," is void, if the premises were subject to a mortgage with covenants of warranty, though the mortgage was made before the mortgagor acquired his title, and was not recorded until after the lien of the insurance company would have attached.

METCALF, J.  The twenty-second article of the defendants' by-laws is, that " unless the applicant for insurance shall make a true representation of the property on which he requests insurance, and of his title and interest therein, and also all incumbrances, and the amount and nature thereof, the policy shall be void."  The plaintiffs, by the terms of the policy on which this action is brought, were insured under the conditions and limitations expressed in those by-laws.  Yet, in their application for insurance, they stated that the property was not incumbered, although it was under a mortgage for $300 to Joanna Packard. The policy is therefore void, and the case must follow that of *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 340.

The plaintiffs object to this defence, that this mortgage was not recorded until after the making of the policy, and therefore that the defendants' lien on the insured building and the land under it attached, and would avail them, though the mortgage was made three months before the policy.  " But," as was said by the court in the case above cited, " irrespective of the lien, whether the defendants would or would not have one, it was material for the insurers to know of the incumbrances, in reference to the responsibility of the insured, and his ability to meet his engagements to the company ; it was material to know who was interested in or had any title to the estate ; but more particularly and especially was it material for the defendants to know what interest the plaintiff himself had in the premises, and whether his estate was incumbered or unincumbered."

It is true that this mortgage deed is dated and acknowledged four days before the date and acknowledgment of the deed under which the mortgagors acquired their title to the mortgaged premises. But, assuming that both deeds were correctly dated, and that they were delivered on the days of their respective dates, and therefore that the mortgagors had no title when they made that mortgage deed, yet, as it contained a covenant of warranty, they are estopped to deny that they then had a title; and the title, which they afterwards acquired, enured to the benefit of the mortgagee, her heirs and assigns. 4 Dane Ab. 125. 4 Kent Com. (6th ed.) 98. 13 Pick. 119. *Plaintiff's nonsuit*

*A. E. Giles*, for the plaintiffs.

*A. V. Lynde*, for the defendants.