## KERR v. BIRNIE.

FRAUD—*onus probandi.* When a deed is assailed for fraud, the *onus* is on the party attacking.

Where B., sr., deeds land to his son, B., jr., October 30, 1858, and remains in possession until April 28, 1863, and at the latter date deeds the land to Mrs. K., the *onus* of proving fraud is changed, and of showing the actual payment of the consideration.

EVIDENCE OF FRAUD. The allegation that B., jr., was *grantee* in his father's fraudulent deed, and that the consideration named was not in fact paid, sufficiently charges him with being party to the fraud to admit the evidence on that point.

REGISTRY OF DEED. *Constructive notice,* such as the registry of a deed, is ample for the purpose of settling questions of priority between *bona fide* grantees, but is *not* sufficient to charge the last purchaser with being, even constructively, a party to the fraud intended by the grantor and the first purchaser.

FRAUD—*actual notice to subsequent grantee.* If Mrs. K. had *actual notice* when she purchased, of the deed to B., jr., she would have been put on inquiry, and would, before she purchased, necessarily have known *why* the deed to B., jr., was executed; and would then have been a *party* to the fraud, and would not have been entitled to the benefit of the statute protecting innocent purchasers.

EXECUTED CONTRACT. Where the *contract* is an *executed* one, it is well settled that the court will not inquire into the *legality* of the consideration.

If the *grantor* in a deed not delivered causes the same to be recorded, this is a sufficient delivery to enable the grantee to hold the land as against the grantor.

### Appeal from Sebastian Circuit Court.

Hon. E. J. SEARLE, Circuit Judge.

DUVAL & KING, for appellant.

The bill alleges that in April, A. D. 1863, Charles A. Birnie, sr., and his wife, the father and mother of the defendants, were residing in the house upon the lots mentioned in the bill,

and the defendant, Charles A., jr., and his wife, were also residing with them, as a part of their family. That on the 23d day of that month the said Charles A., sr., sold to the complainants the property, and executed to them a deed, for the sum of five thousand seven hundred and fifty dollars, in which the wife joined, and Henry C. Birnie, one of the defendants, and also a son of the grantor, was a witness. That Margaret, wife of the younger Charles, was present when the deed was executed, and knew all about the sale. That, after the sale, the younger Charles was at home, and remained until about the first of September, A. D. 1863, when both families moved out of the house into a house on an adjoining lot, belonging to Dr. Spring.

That, in 1865, defendant Charles A., jr., called on complainant Maria, and demanded possession of the premises, claiming them under a deed executed to him by his father, in 1858, which was refused. He afterwards instituted suit in ejectment, obtained judgment, &c.

The bill was filed to cancel the deed executed by the older to the younger Birnie, because it was fraudulent and voluntary, and enjoined the judgment. Defendants, Charles A. and Margaret, answered the bill, claiming to be entitled to the premises under the deed of 1856. Charles admits that he was at home in 1863, after the date of complainants' deed, but denies that he had any knowledge of the sale. His wife says he was so sick that she concealed the fact from him. Denies that his father had any right to sell the property.

Defendant Margaret, admits that she was present when the deed to complainants was executed; that she and her mother-in-law did all in their power to prevent the elder Charles from executing it. Admits that she afterwards tried to rent the premises from the complainant, Maria.

Defendant Charles A., jr., admits that at the date of the deed to him from his father, that the latter was involved in litigation, as alleged in the bill.

The first point to be considered is: Is the deed of 1858, from

the elder to the younger Charles, fraudulent? The Supreme Court of Georgia, in the case of *Fleming v. Townsend*, 6 *Georgia*, lays down the following rule, in determining whether a deed be fraudulent:

"By inferring from direct evidence, or from circumstances, that it was intended to be a fraud. In many adjudicated cases in England, the courts inferred fraud from the facts of a subsequent conveyance, and held that the conveyance was *void*, *even with notice*, making the fraud to relate back from the subsequent sale to the primary conveyance." 1 *Story's Eq.*, 381, *sec.* 402; 2 *John Ch. R.*, *p.* 46, 47.

Fraud may be inferred from circumstances, such as the smallness of the consideration expressed, compared with the fair price of the property conveyed, the grantor continuing in possession and exercising acts of ownership, &c. *Heldville v. Sands*, 2 *John Ch. R.*, 35.

The English courts hold that the subsequent sale is considered as proving conclusively that the voluntary deed was executed with a fraudulent intent to deceive subsequent purchasers. The law in America does not, however, go so far. But the weight of the authorities declare a conveyance, actually fraudulent, is void against a subsequent purchaser for a consideration, even *with* notice. *Richer v. Ham, et al.*, 14 *Mass.*, 137; *Clapp v. Leatherbee*, 18 *Pickering*, 131; *Clapp v. Terrell*, 20 *id.*, 247; *Lewis v. Love's heirs*, 2 *B. Monroe*, 445, 347; *Mason and wife v. Baker, et al.*, 1 *Marshall*, 208, 210; *Waller v. Cralle*, 3 *B. Monroe*, 11, 12; *Elliott v. Howe*, 10 *Ala.*; *Vertine, et al., v. Humphreys*, 14 *Smedes & Marshall*, 143; *Henry v. Fullerton*, 18, 20, *to* 30.

The next proposition to be considered, is: Does the registry of the prior deed preclude the complainants from showing the first deed to be fraudulent, and is the record of a fraudulent deed notice to subsequent *bona fide* purchasers for a valuable consideration.

A voluntary conveyance is, in law, fraudulent and void against a subsequent purchaser for a valuable consideration,

even with notice. *Evelyn v. Templar*, 2 *Eden's Brown*, 148,
149; note *Doe dem Ottey v. Manning, et al.*, 9 *East; Doe v. Man-
tige*, 1 *New*, 333.

The general rule is, that a voluntary conveyance, as against
a subsequent *bona fide* purchaser for a valuable consideration,
with or without notice, is fraudulent. *Cairnes v. Jones*, 5
*Meyer*, 250; *Marshall v. Booker*, 1 *Yerger*, 13, 15; *Mason and
wife v. Baker, et al., Marshall*, 208, 210; *Doyle, et al., v. Sleeper,
et al.*, 1 *Dana*, 531; 554. Or at least *prima facie* fraudulent.
*Lewis v. Love's heirs*.

Registry of a fraudulent deed is not notice to a subsequent
*bona fide* purchaser. *Powler v. Waldrip*, 10 *Ga.*, 350.

S. F. CLARK, for same.

The prior deed, from Birnie to his son, was made to secure
the property from Birnie's debts, and was never designed,
between the parties to it, to be a valid conveyance. No court
has ever held valid a deed possessing the badges of fraud this
does. *Chamberlayne v. Temple*, 2 *Rand*, 384; *Boyd v. Ellis*, 11
*Iowa*, (3 *With.*,) 97; *Ringold v. Waggoner*, 14 *Ark.*, 69; *Rice
v. Gordon*, 11 *Beav.*, 265; *Osgood v. Franklin*, 2 *Johns. Ch.*, 23;
*Gibson v. Hill*, 23 *Tex.*

It is the settled doctrine in this country that the subsequent
deed by Birnie to Mrs. Kerr, and putting her into possession,
renders the prior deed *prima facie* fraudulent and void, and
throws the *onus* upon young Birnie, the claimant under the
prior deed, to prove it a valid and honest transaction, or at
least to prove a good and adequate consideration paid. *Cath-
cart v. Robinson*, 5 *Pet.*, 265; *Leach v. Fowler*, 22 *Ark.*, 143;
*Hildreth v. Sands*, 2 *John. Ch.*, 36, 44.

Notice to Mrs. Kerr of the prior deed was in nowise material.
She had a good right to purchase and risk the chances of that
deed being void for fraud, or want of consideration, or any
other ground. If the prior deed was not on record, she had
the better title by the registry law, without reference to any
extrinsic facts. If it was, still her title was the best, unless

the prior deed possessed all the requisites of a valid deed, of which she had the right to put them to the proof. 1 *Am. Leading Cases*, 47; *Ricker v. Ham*, 14 *Mass.*, 137; *Clapp v. Leatherbee*, 18 *Pick*, 131; *Clapp v. Tyrell*, 20 *Pick*, 247; *Lewis v. Lewis' heirs*, 2 *B. Monroe*, 345, 347; *Waller v. Croll*, 8 *B. Monroe*, 11, 12; *Elliott v. Haw*, 10 *Ala.*, 348.

W. WALKER, for appellee.

The charge of fraud in the vendor is not sustained by the proof. Fraud is never presumed, it must be alleged and proved, (6 *Eng.*, *Irons v. Reyburn*,) and expressly proved (12 *Peters*, 196). Presumption of fraud will not suffice, (*Story Eq.*, 199; *Parkhurst v. McGraw*, 27 *Miss.*, 134), but must be proved, (*Hempstead v. Johnson*, 18 *Ark.*, 123). Complainant's own allegations, sworn to, are, that vendor never delivered a deed to vendee. Then, if no delivery, there was no deed, and if no deed, there was no fraud. How could he be a fraudulent grantee who has never accepted a deed? Every case must be decided *secundum allegata et probata*. 2 *Story's R.*, 469. Allegations are taken most strongly against the party making them; and, in case of contradictory allegations, the opposite party may adopt which he pleases. *Mitford Ch. Pl.*, 42; *Williams v. Flight*, 5 *Beav.*, 41.

A voluntary conveyance is valid against a subsequent purchaser for a valuable consideration, and record is sufficient notice of such conveyance. 6 *Blackf.*, 391; 11 *Ill.*, 300; 26 *Miss.*, 615; 6 *Blackf.*, 193; 11 *Tex.*, 149; 3 *Minn.*, 59.

Subsequent purchasers for a valuable consideration, with notice, are not protected by statute of frauds. 26 *Miss.*, 515; 3 *id.*, 59; 11 *Tex.*, 145; 1 *Rawle*, 231; 6 *W. & S.*, 485; 4 *McCord*, 295; 1 *Bosley*, 375; 1 *Robinson*, (*Va.*,) 500; 8 *Iredell*, 340; 19 *Wend.*, 514.

GALLAGHER & NEWTON, for same.

Recital of payment of consideration in a deed is *prima facie* evidence of consideration. 17 *Ark.*, 147. From the evidence,

the sale from Birnie, father, to Birnie, son, was for a valuable consideration, and so the Chancellor below decided—and his decision, unless without evidence to support it, must be sustained. *Edwards v. State*, 22 *Ark.*, 304; 23 *Ark.*, 61. This rule was first established in common law cases (*Conway v. State Bank*, 13 *Ark.*, 334), and applied by Supreme Court to decisions of Chancellor. 23 *Ark.*, 346. This rule held by Supreme Court of United States. *Barnard's heirs v. Ashley, et al.*, 18 *Howard*, 43.

Insufficient answer must be excepted to. Complainant can not take bill as confessed as to those points. *Blakeney v. Ferguson, et al.*, 14 *Ark.*, 641.

Sale to member of family, and property remaining in possession of family, is no badge of fraud. *Humphries v. McGraw*, 9 *Eng.*, 91.

BOWEN, J.

A rehearing of this case having been granted heretofore, the same was reärgued at the last term of this court.

The case was fully stated by Chief Justice WALKER, who delivered the opinion of the court. We will, therefore, make no further statement, but pass at once to the consideration of the questions involved.

The 4th section of our statute provides that "every conveyance or assignment in writing, or otherwise, of any estate or interest in lands,   *   *   *   *   *   *   made or contracted with intent to hinder, delay, or defraud creditors or other persons of their lawful actions, damages, forfeitures, debts, or demands, as against creditors and purchasers, prior and subsequent, shall be void."

"SECTION 4. No such conveyance or change shall be deemed void in favor of an innocent subsequent purchaser, if the deed or conveyance shall have been duly acknowledged or proven, and recorded, or the purchaser have actual notice thereof, unless it shall appear that the grantee in such conveyance, or the per-

son to be benefited by such change, was party or privy to the fraud intended."

The first point claiming our attention is the alleged fraud on the part of Charles A. Birnie, sr., as against his creditors, in the matter of the conveyance of the real estate in controversy to his son, Charles A. Birnie, jr., by the deed of date October 30, 1858. As a general rule, when a deed is assailed on the ground of fraud, the *onus* is upon the party attacking.

In this case, however, the grantor remained in possession of the property. The witnesses, the nearest neighbors, and one of them a brother of Birnie, sr., knew nothing of Birnie, jr.'s, claim to the property. Birnie, sr., held it for sale as his own long after the execution of the deed to his son, and actually did, on the 28th day of April, A. D. 1863, again sell and convey the same, by deed, to Mrs. Kerr and Katharine Kerr, her daughter, the appellants. Birnie, jr.'s, wife was present at the sale, and he, though absent at that time, was present when possession was delivered to Mrs. Kerr, and made no objection nor mention of any claim or title at that time, and, indeed, never, until after the death of his parents, which occurred in December, 1863, and July, 1865. At the date of the deed by Birnie, sr., to his son, on the 30th of October, 1858, the former was in embarrassed circumstances. Two suits were pending against him in the circuit court of Sebastian county. The bill in this case denies the payment of the consideration named in the deed from Birnie, sr., to Birnie, jr.

In our opinion, the fact of the continued possession of the property by the former, for the long space of time intervening between the date of his deed to Birnie, jr., and the date of his deed to Mrs. Kerr and daughter, and the fact of his having executed the last mentioned deed, to say nothing of the other circumstances alluded to, would be sufficient to change the *onus*, and throw upon the party attempting to sustain the deed the burden of proving the actual payment of the consideration named therein. Having entirely failed to do so, we must conclude that there was no consideration. This, in con-

nection with the fact of the embarrassed circumstances of
Birnie, sr., before alluded to; the fact that Birnie, jr., was a
young man without property; the fact of the continued pos-
session of Birnie, sr., of the property after the deed to Birnie,
jr., his son; the fact of the subsequent sale by the former of
the same property to Mrs. Kerr and daughter, and the fact
that Birnie, jr., was present when possession was delivered to
Mrs. Kerr, and made no objection nor mention of any claim
of his to the property, all taken together, lead us irresistibly
to the conclusion that the deed by Birnie, sr., to his son, on
the 30th of October, 1858, was without consideration, and
made with intent to defraud his creditors, who were at that
time pressing their claims before the circuit court of Sebastian
county, and Birnie, jr., was necessarily, under the circum-
stances, both party and privy to the fraud of his father—his
connection therewith relating back to the date of the deed
to him, he having attempted to hold the property thereunder.

It may be observed, in this connection, that the allegation
in the bill that young Birnie was grantee in his father's
fraudulent deed, and that the consideration named was not in
fact paid, sufficiently charges him with being party to the
fraud of his father to admit the evidence upon that point.

From the qualifying clause of the statute, found in section
4, "unless it shall appear," &c., as already recited at length, it
will be seen that Mrs. Kerr's notice (constructive) of the former
conveyance, by Birnie, sr., to his son, is a point of no import-
ance in this case. The fact that the deed to Birnie, jr., was
recorded before the purchase of the property by Mrs. Kerr and
daughter, does not affect the rights of the parties in any man-
ner, because Birnie, jr., was party and privy to the fraud of
his father. Were this fact otherwise, the registry of his deed
would have given him priority, and his title could not have
been successfully called in question.

The seeming conflict of judicial opinion, upon this question
of notice, which we find in the authorities cited by counsel,
arises, in some instances, from the fact that the statutes in

relation to fraudulent conveyances are, although similar, very different in different States. In other instances, from the fact that the word "notice," as used, sometimes relates to notice of the fraud; at others, to notice of the former conveyance. Still there is some conflict.

Where notice is at all material, the distinction between actual and constructive notice should be observed. Whatever may be the effect of actual notice, we are clearly of opinion that while constructive notice, such as the registry of a deed, is ample for the purpose of settling questions of priority between *bona fide* grantees—neither of whom are in any manner connected with the fraud of the grantor—it is *not* sufficient of itself to charge the last purchaser with being, even constructively, a party to the fraud intended by the grantor and the first purchaser upon the creditors of the grantor.

In this case, Mrs. Kerr's notice of the former conveyance was only constructive. Had she had actual notice of the former deed to Birnie, jr., and had she purchased the property under such circumstances, she would necessarily have known why Birnie, sr., had executed the former deed to his son, before she would have purchased. She would then have been as much a party to the fraud upon the creditors of Birnie, sr., as that individual himself, or his son, and could not have successfully claimed the benefit of the provisions of the statute, as an innocent subsequent purchaser. Constructive notice, as we have already said, does not affect the rights of Mrs. Kerr to such an extent. She is, therefore, an innocent purchaser, and entitled to relief.

The answer herein fails to deny the positive allegation in the bill, that the consideration named in the deed from Birnie, sr., to Birnie, jr., was never, in fact, paid, but simply recites the words in the deed to that effect. The answer does, however, allege that Charles A. Birnie, jr., remained in profound ignorance of the sale by his father to Mrs. Kerr and daughter until after he had left home, which was on the last day of August, A. D. 1863. This statement is flatly contradicted by

the testimony of Dr. Main and Thomas Quinn, both of whom conversed with him upon the subject during his sojourn at home in that month. From them we learn that he not only knew of the sale to Mrs. Kerr, but acquiesced in it. In the consideration, therefore, of this case, the answer, as a matter of evidence, has had but little, if any, weight upon the mind of the court.

Counsel for appellees raise the question of the illegality of the consideration paid by Mrs. Kerr to Birnie, sr. Upon that point we have only to say, that the contract is an executed one, and we have only to concur in the well established rule not to interfere upon the ground urged. Counsel for appellee also urge that the facts set up by this bill are not such as to warrant the interposition of a court of equity. To be brief, among other things, it is alleged that there was no delivery of the deed from Birnie, sr., to Birnie, jr., and that, therefore, Mrs. Kerr should have made her defense to the action of eject-ment, the judgment wherein she now seeks to enjoin. We must consider the bill as a whole; and, in doing so, we conclude that the allegation, "that the deed was never delivered by Birnie, sr., to Birnie, jr.," was recited as one of a chain of circumstances tending to show the fraud against the creditors of Birnie, sr. Especially, as the statement is followed up by another showing that said deed was caused to be recorded by Birnie, sr., which was of itself such a delivery as would have enabled Birnie, jr., to hold the property as against Birnie, sr., and as shown by these proceedings, to attempt to do so against the whole world.

The decree of the Sebastian circuit court is reversed. Com-plainants' prayer will be granted, the deed to Birnie, jr., canceled, and the injunction made perpetual here.