Johnson v. Parker.

gage.  9 Ark., 112; 22 Id., 136; 40 Id., 536; 41 Id., 191-2; Mansf. Dig., sec. 4743, and note.

## JOHNSON V. PARKER.

1.  DEEDS: *Defective acknowledgment:  Curative acts.*

The application of the curative acts of 1883 is not limited to the obvious omission of words from certificates of acknowledgment, but extends to every case in which the acknowledgment of a deed is insufficient to give full legal effect to its terms.

2.  SAME: *Same.:  Relinquishment of dower.*

Where a married woman joins her husband as grantor in conveying lands in which she has no estate except a contingent right of dower, the deed, although it contains no clause relinquishing dower, will bar her right thereto if she acknowledges it in proper form; and if it does not have that effect merely because the officer's certificate is not in the form prescribed by the statute, then her acknowledgment of such deed is "defective," and "the proof of" its "execution" is "insufficient" within the meaning of the curative acts.

3.  SAME: *Same.*

In 1859 the plaintiff joined her husband as grantor in the execution of a deed which contained no clause expressing a purpose to relinquish dower. The officer before whom the deed was acknowledged certifies that the husband acknowledged it "to be his act and deed and that the wife being privily examined separate and apart from her said husband, declared that she did freely and willingly sign and deliver said * * * without any fear or compulsion from her said husband, as her act and deed," but makes no mention of dower.  The deed was recorded soon after its execution.

Johnson v. Parker.

·After the death of her husband the plaintiff petitioned for dower in the land thus conveyed. *Held:* That the defective acknowledgment of the plaintiff as a relinquishment of dower, was cured by the healing acts of March 8th and March 14th, 1883, and her petition was properly denied.

APPEAL from *Desha* Circuit Court in Chancery.

JNO. A. WILLIAMS, Judge.

*W. G. Weatherford*, for appellant.

Plaintiff was certainly not barred of her dower by any law in force at the time the acknowledgment was made. What then is the effect of the curative act of 1883?

The act declares that such deed shall be held to *pass the estate* which it *purports* to convey. In this case the deed *purports* to convey the *fee*, and the act makes it good *for that purpose*.

Reviews 44 Ark., 112; 41 Id., 101; Gould's Dig., p. 268, sec. 21, and contends that there was no defect either in the deed or acknowledgment to cure, and that a married woman can only relinquish her dower in the manner prescribed in the statute. *Lex ita scripta*.

*Jas. Murphy*, for appellee.

The defects in the deed and acknowledgment were cured by acts of March 8th and 14th, 1883. The act simply gives to the deed the effect the grantors in equity and good conscience intended, but which from ignorance or mistake perhaps was not perfected. 44 Ark., 365; 45 Id., 41; Ib., 101; 15 Ohio, 232.

COCKRILL, C. J.

This is a suit by Mrs. Johnson, the appellant, for assignment of dower in lands which she had joined with her husband in conveying to one Wyley in 1859. The conveyance was in form a warranty deed in which the wife joined as a grantor. It was recorded soon after its execution. There

Johnson v. Parker.

is no clause relinquishing dower in the body of the deed. nor any mention of it in the officer's certificate of acknowledgment. It is conceded that the acknowledgment was not in the form prescribed by statute for the relinquishment of dower, and that the widow is not barred of her right according to the previous decisions of this court, (*Myers v. Gossett*, 38 Ark., 377, and cases cited,) unless the subsequently passed curative acts have made the conveyance effective for that purpose. The court decreed against the widow in so far as the deed controls, and the effect of the statutes referred to, is the only question we need consider. The first of these provisions is the sixth section of the act of March 8th, 1883, entitled, "An Act for the better quieting of titles," which was substantially re-enacted under the same title in 1885, (see Acts of 1885, p. 190,) and is as follows: "All deeds and other conveyances recorded prior to the first day of January, 1883, purporting to have been acknowledged before any officer, and which have not heretofore been invalidated by any judicial proceeding, shall be held valid to pass the estate which such conveyances purport to transfer, although such acknowledgment may have been on any account defective." The second is the act of March 14th, 1883, entitled: "An Act to cure defective acknowledgments," viz: "All conveyances and other instruments of writing authorized by law to be recorded, or which have been heretofore recorded in any county of this State, the proof of the execution whereof is insufficient because the officer certifying such execution omitted any words in his certificate, * * * * shall be valid and binding as though the certificate of acknowedgment or proof of execution was in due form."

In the case of *Johnson v. Richardson*, 44 Ark., 365, we ruled that these provisions of the statute validated a previous-

*Defective acknowledgments: Curative acts.*

ly defective acknowledgment of a relinquishment of dower, and that no vested right was disturbed thereby. In that case, however, the certificate of the officer showed that the wife had made an ineffectual effort to relinquish dower, and the curative acts were permitted to supply the defect in the certificate; while here, no mention is made of dower either in the deed or in the officers certificate of acknowledgment, and the question is, is the acknowledgment "defective" within the meaning of the first act, or "insufficient because the officer certifying such execution omitted any words in his certificate," within the meaning of the second? The officer certifies that the husband acknowledged the instrument "to be his act and deed and that the wife being privily examined separate and apart from her said husband, declared that she did freely and willingly sign and deliver said * * * without any fear or compulsion from her said husband as her act and deed." The certificate is imperfect as to both parties inasmuch as it omits all mention of the "purposes and consideration" for which the deed was executed. *Little v. Dodge*, 32 Ark., 453. With the addition of these words in their proper connection, the acknowledgment would be good as that of grantors to the fee. It is not pretended that the curative statutes do not supply them, but the contention is, that their operation should stop there and leave the certificate as in perfect form for the conveyance of the fee by both husband and wife. The argument is, that as the wife has not manifested an intent to relinquish dower, there is no defect in that respect to be cured; and not being bound by the covenants in the deed on account of her coverture, she is not barred of her recovery of dower. If there had been a clause in the deed expressing the purpose thereby to relinquish dower, unquestionably the effect of the statute would be to

Johnson v. Parker.

supply any defect in the acknowledgment which prevented the deed from having that effect; otherwise the clearly expressed intent of the parties to vest an estate in their grantee, freed from the wife's contingent right of dower, would be defeated by the lack of form in the ceremony of execution, which was the very consummation the legislature intended to prevent. But, when the acknowledgment is in form for that purpose, the fact that the wife joins in the deed with her husband, as grantor, is sufficient to bar her dower even though there is no clause in the deed expressly relinquishing it. It was so determined in *Dutton v. Stewart*, 41 Ark., 101. If she joins with her husband in the conveyance as a grantor, her estate passes; if she has no estate, but only the possibility of dower, for what purpose, asks Judge English in the case last cited, does she join in granting the estate except to relinquish her right to dower? The deed is sufficient to pass her title, right or interest whatever it may be, provided only the requirements of the statute as to the acknowledgment are observed. A deed of general warranty purports to convey a perfect title or estate. If "the estate which the conveyance purports to transfer," does not "pass," to use the language of the statute, merely because the officer's certificate of acknowledgment is not in the form prescribed by the statute, then the acknowledgment is on that account defective; and "the proof of the execution is insufficient because the officer certifying to it has omitted words" which were necessary in the acknowledgment to give full legal effect to the terms of the conveyance. The application of the statute has heretofore been made only to obvious omissions of words from the certificate of acknowledgment; and particular instances of this nature may have given rise to the legislation in question, but the terms employed are comprehensive and enunciate a

*Relinquishment of dower.*

*Application of curative acts.*

general rule applicable to all cases in which the acknowledgment is insufficient to give full legal effect to the terms of the conveyance.

The evil of the one case is as great as that of the other. As was said by the supreme court of Ohio in *Goshorn v. Purcell*, 11 Ohio St., 641, in construing a statute which authorized the courts to correct "errors, defects and mistakes" in the deeds of married women, "we should look rather to the principle of justice and right which the rule was intended to enforce by an application to past transactions, than the particular instances to which a like application had been made, though historically connected with the adoption of the rule." And in that case it was said that the statute would apply to a conveyance perfect in form if it did not comply with the obvious intent of the parties. Our statutes were designed to operate upon the ceremony of the execution of conveyances—a subject wholly within the control of the legislature; and, as was said in Mrs. Richardson's case, *supra*, the power which prescribed the form to be observed in the execution of a conveyance has said that a non-compliance with it shall be excused in order that the contract made by the parties shall have effect according to its purport. If that effect is given to the conveyance made by Mrs. Johnson in this case, it will bar her right of dower as effectually as though the officer had certified that upon privy examination she had acknowledged that she had signed the relinquishment of her dower for the purpose set forth in the deed.

The court did not err, therefore, in refusing the prayer of the complaint and the decree is affirmed.

### DISSENTING OPINION.

BATTLE, J.

I do not concur with the majority of the court in the opin-

on delivered in this case. I expressed my views upon the questions decided in this cause, in a dissenting opinion delivered in *McCranie v. Chase*, which was orally decided at the present term. The facts in that case illustrate, and the opinion expresses my views in this case, so fully that I quote it at length. It is as follows:

I do not think that the deeds and acknowledgments relied on in this cause operate, under the curative statutes of this State, to divest Mrs. McCranie of her right to dower in the town lots in controversy. Neither the deeds nor the acknowledgments are defective. In the deeds she undertook to convey the lots in fee simple, as her own property. In two of them she covenants that she is seized of the lots in fee simple, and in the other mortgages them to secure the payment of her own individual indebtedness, contracted in the course of her separate business. In neither of them does she undertake, or intimate an intention or desire, to relinquish her right to dower. She acknowledged the execution of them as the law authorizes a married woman to do when she conveys her own lands. Now it is insisted that she became divested of her dower in the lots conveyed, under the curative statutes, because she undertook to convey in fee simple.

One of the statutes relied on provides: "That all deeds and other conveyances, recorded prior to the first day of March, eighteen hundred and eighty-five, *purporting to have been acknowledged before any officer*, and which have not heretofore been invalidated by any judicial proceeding, shall be held valid to pass the estate which such conveyance *purports* to transfer, *although such acknowledgment* may have been on any account *defective* (excepting only cases where such conveyance shall have been executed by minors or in-

sanes); provided that the records of such instruments shall be as *valid as if they had been acknowledged according to law.''*   I do not understand this statute to refer to any valid deed, properly acknowledged and recorded.   The object of it, as I understand, is to make the defective acknowledgments and record of deeds which were recorded prior to the first of March, 1885, valid, and to give to them (the deeds) the same force and effect they would have had had they been properly acknowledged and recorded in the first instance.

The other statute is as follows: "All conveyances and other instruments of writing authorized by law to be recorded, or which have heretofore been recorded in any county in this State, the proof of execution whereof is insufficient because the officer certifying such execution *omitted any words in his certificate*, or because such officer *failed or omitted to attach his seal of office to such certificate, or attached to any certificate any seal not bearing the words or devices required by law, or otherwise informal*, shall be as valid and binding as though the certificate of acknowledgment or proof of execution *was in due form* and bore proper seal.''   The object of this statute is to cure defects in the certificates of acknowledgments caused by the omission of words necessary to certify the acknowledgment the parties to the conveyance or instrument of writing had obviously intended to make, and by the failure of the officer to attach a proper seal.   It never was intended to supply a certificate of an acknowledgment which the parties never intended to make and never made.

The certificates of the acknowledgments of the wife, in this case, are sufficient and valid.   I give one as an illustration. It is as follows: "And I further certify that on this day voluntarily appeared before me Frances C. McCranie, wife to said J. S. McCranie, to me well known to be the person whose name

Johnson v. Parker.

appears upon the within and foregoing conveyance or instrument of writing, and in the absence of her said husband declared that she had of her own free will executed the same for the purposes and considerations mentioned and set forth, without compulsion or undue influence of her said husband. In witness,'' etc.

But it is said that the deeds relied on purport to convey the lots in controversy in fee, and, therefore, divest her of her right to dower in the lots conveyed. The reason for this contention, as I understand it, is, in attempting to convey in fee simple, she must have intended to relinquish her dower as well as convey all interest and estate she had in the lots. But the reverse is true. In claiming dower she would necessarily assume that her husband was seized of an estate of inheritance in the lots; for she is only dowable in the real estate in which her husband was seized of an estate of inheritance during their coverture. She could not be entitled to dower in, and seized in fee of, the same land at the same time. To claim one was to deny her right to the other. The deeds are proof conclusive, I think, that she did not thereby intend or undertake to relinquish dower.

The certificates of acknowledgment also prove that she did not intend to relinquish dower. She undertook to acknowledge the execution of the deeds in the manner prescribed by statutes enacted before the adoption of the constitution of 1868, which prescribed different modes in which deeds to the wife's land and the relinquishment by the wife of dower in the husband's land should be acknowledged. She acknowledged the deeds in question in the manner prescribed for the acknowledgment of the execution of deeds to the wife's lands, thereby showing that she did not undertake to relinquish dower.

But it is said that this court held in *Dutton v. Stuart*, 41 Ark., 101, that "a wife can relinquish her dower by joining in her husband's deed and acknowledging the relinquishment of dower in the form provided by the statutes, without any clause of relinquishment in the deed." But the wife in that case appeared before an officer authorized to take acknowledgments, and in the absence of her husband declared that she had of her own free will signed and sealed the relinquishment of dower in the deed, for the purposes therein contained and set forth, without compulsion or undue influence of her husband. She joined with her husband in the deed and acknowledged the relinquishment of dower in the manner prescribed by the statutes; and this court held that this was a sufficient relinquishment, because the statutes provide that a "a married woman may relinquish her dower in any of the real estate of her husband, by *joining with him in a deed of conveyance* thereof, and acknowledging the same" in the manner prescribed by law.

In *Meyer v. Gossett*, 38 Ark., 380, this court said: "To make a valid relinquishment of dower, by the wife, in the real estate of the husband, she must join him in the deed of conveyance and acknowledge it in the manner prescribed by the statute. Gantt's Dig., sec. 839. If she does not join him in the deed the acknowledgment is of no validity. Nor if she join him in the deed, is there a valid relinquishment of dower without a proper acknowledgment of its execution by her. Both are requisite to complete the conveyance on her part. *Stidham and Wife v. Matthews*, 29 Ark., 659; *Witler v. Biscoe et al.*, 13 Ib., 423; *McDaniel v. Grace*, 15 Ib., 465."

Neither the deeds nor the acknowledgments in this case evince an intention to relinquish dower. As I understand

them and the facts in this case, there was no such intention.

The statutes of this State provide that "a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form;" and provide that such legal form shall be "by such married woman joining her husband in a deed of conveyance of the land and voluntarily appearing before the proper court or officer and in the absence of her husband declaring * * * that she had signed the relinquishment of dower for the purposes therein contained and set forth, without compulsion or undue influence of her husband." Mrs. McCranie has not done so in this case, and I think that she is entitled to dower in the lots in controversy.