## WILLIAMSON *v.* LAZARUS.

### Opinion delivered February 25, 1899.

HOMESTEAD—CURATIVE ACT—ACKNOWLEDGMENT.—Where, in a conveyance of a husband's homestead, the officer's certificate of acknowledgment stated that the wife acknowledged that she signed and sealed the relinquishment of dower, but omitted to state that she acknowledged the execution of the deed, the omission was subsequently cured by the curative act of March 11, 1891, which provided that conveyances whose proof of execution was insufficient "because the officer certifying such execution omitted any words in his certificate" shall be valid as though the certificate of acknowledgment was in due form. (Page 228.)

Appeal from Sevier Circuit Court

WILL P. FEAZEL, Judge.

#### STATEMENT BY THE COURT.

Henry Lazarus brought this action of ejectment against H. C. Williamson and others to recover 160 acres of land. The land was at one time owned by R. H. Flanagin. Flanagin sold it to I. Cohen, and executed and delivered to him the following deed:

"Know all men by these presents, That we, R. H. Flanagin, of Sevier county, State of Arkansas, and Margaret A. Flanagin, his wife, for and in consideration of the sum of three hundred and thirteen 19-100 dollars, to us paid by I. Cohen, of Nashville, Arkansas, do hereby grant, bargain, sell and convey to the said I. Cohen, and unto his heirs and assigns, forever, the following lands lying in the county of Sevier and State of Arkansas, to-wit: The southeast quarter of section eighteen (18) in township seven (7) south, in range thirty (30) west, containing one hundred and sixty (160) acres, more or less. To have and to hold the same unto the said I. Cohen, and unto his heirs and assigns, forever, with all appurtenances thereunto belonging. And I hereby covenant with the said I. Cohen that I will forever warrant and defend the title to said land against all lawful claims whatever. And I, Margaret A. Flanagin, wife of

the said R. H. Flanagin, for and in consideration of the said sum of money, do hereby release and relinquish unto the said I. Cohen all my right of dower in and to the said land.

"Witness our hands and seals this 18th day of January, 1889. R. H. Flanagin. [Seal.] M. A. Flanagin. [Seal.]"

"Acknowledgment. State of Arkansas, county of Sevier. Be it remembered, that on this day came before me, the undersigned, a justice of the peace within and for the county aforesaid, duly commissioned and acting, R. H. Flanagin, to me well known as the grantor in the foregoing deed, and acknowledged that he had executed the same for the consideration and purposes therein mentioned and set forth. And on the same day also voluntarily appeared before me the said Margaret Flanagin, wife of the said R. H. Flanagin, to me well known, and, in the absence of her said husband, declared that she had of own free will signed and sealed the relinquishment of dower in the foregoing deed for the consideration and purposes therein mentioned and set forth, without compulsion or undue influence of her said husband. Witness my hand and seal as such justice of the peace this 18th day of January, 1889. Joe M. Bell, J. P.

"Filed for record this 9th day of February, 1889, at 7 o'clock p. m. Alex Luther, circuit clerk and ex-officio recorder, by T. B. Hutcheson, D. C."

The plaintiff, Lazarus, holds under mesne conveyances from Cohen. The circuit judge found in favor of plaintiff, and gave judgment accordingly.

*Collins & Lake* and *Steel & Steel*, for appellants.

The deed to Cohen, being an attempted conveyance of a homestead, is void for non-conformity to the statute. Sand. & H. Dig. § 3713. The curative act of 1893 did not affect vested rights. 53 Ark. 53; 58 Ark. 117; 60 Ark. 269. Nor was the defect in this deed one included in said curative act.

*Jas. D. Shaver*, for appellee.

The relinquishment of dower and homestead appearing in the acknowledgement, it need not appear in the body of the deed. 44 Ark. 365; 50 Ark. 294; 51 Ark. 414; 53 Ark. 56;

58 Ark. 117; 57 Ark. 242; 62 Ark. 160; 64 Ark. 492. The deed was sufficient to convey all of grantor's interest. 53 Ark. 56. There can be no vested right based upon an informality which does not affect substantial equities. 43 Ark. 420; 44 Ark. 365; Cooley, Const. Lim. 359, 471; 25 N. Y. 197.

RIDDICK, J., (after stating the facts.) The land in controversy here was at one time the homestead of R. H. Flanagin. Flanagin sold it to Cohen, and his wife joined in the execution of the deed. The deed purports to convey an estate in fee simple to Cohen, but was invalid by reason of a defect in the acknowledgment. It does not show that the wife acknowledged the execution of the deed, but only that she had signed and sealed the relinquishment of dower. This deed was recorded before the passage of the curative act of March 11, 1891, and the only question here is whether it was affected by such act. The act provides that "all conveyances and other instruments of writing which have heretofore been recorded in any county in this state the proof of execution whereof is insufficient because the officer certifying such execution omitted any words in his certificate,   *   *   *   or is otherwise informal, shall be as valid and binding as though the certificate of acknowledgment or proof of execution was in due form." Appellants contend that this deed is void for failure to comply with the law in reference to conveyances of homesteads. They say that it is regular on its face; that there is no defect or informality apparent; and that the curative act above quoted does not apply. But this argument is in conflict with the decision of this court in *Johnson* v. *Parker*, 51 Ark. 419. That case was decided by a divided court, but after full discussion. It construed a statute from which the act in question here was afterwards copied, and is, we think, decisive of this case. "The application of the statute," said Chief Justice Cockrill in that case, "has heretofore been made only to obvious omissions of words from the certificate of acknowledgement, and particular instances of this nature may have given rise to the legislation in question; but the terms employed are comprehensive, and enunciate a general rule applicable to all cases in which the acknowledgment is insufficient to give full legal effect to the

terms of the conveyance." The terms of the deed from Flanagin and wife to Cohen, if given full legal effect, would vest in Cohen an estate in fee to the lands in question. The obvious intent of the parties, as shown by the deed, in the granting clause of which the wife joined, was to convey such an estate. The only reason why it failed to invest in Cohen all and every interest in the land held either by Flanagin or his wife was an insufficiency in the proof of execution through the omission of certain words from the acknowledgment. But this defect was cured by the statute, and the conveyance was thus made effectual. The circuit court was right in holding the deed to be valid, and, this being the only error complained of, the judgment is affirmed.