RHEA v. PLANTERS' MUTUAL INSURANCE ASSOCIATION.

Opinion delivered November 4, 1905.

1. MORTGAGE—RECORD—VALIDITY.—An unrecorded mortgage is good between the parties, and constitutes a valid lien except against subsequent purchasers or lienors. (Page 59.)

2. FIRE INSURANCE POLICY—INCUMBRANCE.—Where a policy provides that it shall be void if the property insured shall become incumbered by mortgage, it will be invalidated by the execution of a mortgage thereon. (Page 59.) ·

3. HOMESTEAD—WANT OF ACKNOWLEDGMENT—CURATIVE ACT.—Where a wife signed a conveyance of her husband's homestead, but failed to acknowledge it, the defect was cured by subsequent act approved March 13, 1899 (Kirby's Digest, § 785). (Page 59.)

4. MORTGAGE—DELIVERY.—Where a mortgage was delivered to the mortgagee's husband for her benefit, her acceptance will be presumed. (Page 59.)

Appeal from Washington Circuit Court; JOHN N. TILLMAN, Judge; affirmed.

## STATEMENT BY THE COURT.

Action by R. J. Rhea against the Planters' Mutual Insurance Association to recover upon a policy for the sum of $2,500, insuring a dwelling house and personal property contained therein totally destroyed by fire on September 26, 1902.

Verdict and judgment for the defendant, and the plaintiff appealed.

*R. J. Wilson,* for appellant.

A mortgage upon the homestead is not valid unless the wife join in the execution of it, and acknowledge the same. Kirby's Digest, § 3901. The notary's certificate was not conclusive. 38 Ark. 377; *Ib.* 278; 41 Ark. 421.

A mortgage is not a lien until filed for record. Kirby's Digest, § 5396.

*J. W. & M. House,* for appellee.

A false representation by the applicant that there is no lien on the property for the loss of which insurance is sought - avoids the policy issued upon the application. 88 Ind. 578; 60 Ky. 146; 46 Me. 394; 74 Am. Dec. 459; 44 Md. 95; 89 Mass. 239; 46 Wis. 671. Compliance with such warranty is a condition precedent to recovery upon the contract. 30 Pa. St. 331; 67 Ark.

584; 62 Mo. App. 209; 68 Ark. 277; 87 U. S. 494; 72 Ark. 620. The notary's certificate cannot be impeached except upon the allegation of fraud or imposition practiced toward the wife. 62 Ill. 527; 65 Ill. 175; 38 Ark. 377; 41 Ark. 421. The mortgagor cannot set up and take advantage of his own fraud upon the rights of his wife. 6 Serg. & Rawle (Pa.), 531; 1 So. Rep. (Ala.), 856; 20 S. E. 1019.

Any defect in the mortgage or acknowledgment was cured by act of March 13, 1899.

A mortgage is good between the parties, though not acknowledged and recorded. 37 Ark. 91; 41 Ark. 186.

McCULLOCH, J., (after stating the facts.) The policy sued on contained a clause providing that "if the property insured now is or shall become incumbered by mortgage or otherwise, * * * or if the interest of the member in said property, or any part thereof, now is, or shall become, any other or less than a perfect legal and equitable title and ownership, free from all liens whatever, except as stated in writing hereon, * * * then, and in every such case, this contract shall be absolutely null and void." The defendant, among other defenses, pleaded a violation of the above condition of the policy by appellant, and to sustain the plea introduced testimony showing that at the time the policy was issued, and at the time of the fire, the dwelling house insured was incumbered by a mortgage executed by appellant and his wife to one Margaret C. Powell to secure a note of $500. The mortgage was not filed for record until after the fire. Appellant admitted the execution of the mortgage and note, but testified that the property was his homestead, and that his wife signed, but did not appear before the officer, nor acknowledge the execution of the mortgage, and that the officer had falsely certified the acknowledgment at his (appellant's) request. The mortgage bears date of January 21, 1899, and the policy of insurance was issued September 27, 1899, to cover a period of three years from that date. J. D. Powell, uncle of appellant and husband of Margaret C. Powell, testified that he lent the sum of $500 to appellant, and took the note therefor, payable to his wife, and the mortgage securing same; that his health was poor, and he caused the note and mortgage to be executed in her name as a

provision for her in the event of his death, and that he delivered the same to her several months after date of the mortgage.

Appellant contends that the mortgage was void, and did not constitute an incumbrance within the meaning of the policy, because (1) it was not recorded, and (2) was not acknowledged by his wife, the dwelling house being his homestead.

An unrecorded mortgage is good between the parties, and constitutes a valid lien, except against subsequent purchasers or lienors. *Main* v. *Alexander,* 9 Ark. 112; *Ford* v. *Burks,* 37 Ark. 91; *Martin* v. *Ogden,* 41 Ark. 186; *Leonhard* v. *Flood,* 68 Ark. 162.

The lien constituted an incumbrance against which the insurer sought to protect itself by the condition inserted in the policy. *Packard* v. *Agawam Mutual Ins. Co.,* 68 Mass. 334; *Hutchins* v. *Cleveland Mut. Ins. Co.,* 11 Ohio St. 479.

The defect in the mortgage by reason of the failure of the wife of the mortgagor to appear before the officer and acknowledge the same was cured by act of the Legislature approved March 13, 1899 (Kirby's Digest, § 785). *Hill* v. *Yarborough,* 62 Ark. 325; *Williamson* v. *Lazarus,* 66 Ark. 226.

Appellant insists that the curative statute has no application because the proof shows that the mortgage was not delivered to Margaret C. Powell, the mortgagee, by her husband until after the passage of the statute in question. The mortgage was executed and delivered, before the passage of the statute, to her husband. It was given for her benefit, and, having been delivered to her husband, her acceptance is presumed. *Kerr* v. *Birnie,* 25 Ark. 225; *Eastham* v. *Powell,* 51 Ark. 530; *Breathwit* v. *Bank of Fordyce,* 60 Ark. 26; 13 Cyc. p. 565, and cases cited.

The foregoing facts were undisputed, and the court properly directed the jury to return a verdict in favor of the defendant.

Affirmed.