## STUTTGART *v.* JOHN.

Opinion delivered March 30, 1908.

1. STREETS—DEDICATION.—Where the owners of land laid out a town or an addition to a city or town upon it, platting it into blocks and lots intersected by streets and alleys, and thereafter sold lots by reference to the plat, they will be held to have dedicated the streets and alleys to the public use irrevocably, and the municipality may accept at any time and assume control over the streets and alleys. (Page 524.)

2. DEED—DEFECTIVE ACKNOWLEDGMENT—CURATIVE ACT.—Where the acknowledgment of a deed recites that the grantors therein appeared before the officer, but omitted to allege that they had executed same for the purposes and consideration therein mentioned, the omission was cured by the various curative acts providing that all conveyances "the proof of execution of which is insufficient because the officer certifying such execution and acknowledgments omitted any words in his certificate of acknowledgment * * * shall be as valid and binding as though the certificate of acknowledgment or proof of execution was in due form." (Page 525.)

3. SAME—DEFECTIVE ACKNOWLEDGMENT—NOTICE.—It is immaterial that a certificate of acknowledgment to a plat and deed dedicating streets and alleys was defective as against a subsequent grantee of the land who had actual knowledge of the dedication, and whose deed referred to such plat and deed. (Page 526.)

4. STREETS—ADVERSE POSSESSION.—Where the owner of land dedicates streets and alleys to a city or town, and thereafter remains in possession of the premises conveyed, he is presumed to hold in subordination to the title conveyed, unless there is affirmative evidence of a contrary intention; and where his occupancy and use are not manifestly inconsistent with the right of his grantee, notice of the hostility of his claim must be brought home to the municipality before the statute of limitations will begin to run. (Page 527.)

5. SAME—POSSESSION OF STRANGER.—Occupancy of land dedicated for street purposes by a stranger to such dedication, together with the exercise by such stranger of acts of ownership over it, was evidence of adverse possession. (Page 528.)

6. LACHES—NOT A DEFENSE AT LAW.—The doctrine of laches can not be invoked in an action at law. (Page 528.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Edwin Pettit* and *C. E. Pettit,* for appellant.

1. The burden of proof was on the appellee. 58 Ark. 151; 77 Ark. 177.

2. All rights of any citizen, or of town, city or· public inure to the benefit of appellants, and the intervener, Downs, is a proper party to the suit. 13 Cyc. 457, 458; *Id.* 453; 80 Ark. 489; 77 Ark. 177; 6 N. E. 669; 92 S. W. 21.; 45 N. E. 238; 45 S. W. 128.

3. Dedication of the street was sufficiently made: (a) By recorded plat with instrument of dedication attached. (b) By conveyance of lots with reference to the plat. Cases *supra;* 13 Cyc. 455, 463 b.; 2 Dillon's Mun. Corp. art. 640; Enc. of Ev. "Dedication;" 9 Am. & Eng. Enc. of L. 2 Ed. 65; 1 L. R. A. 856; 9 L. R. A. 551, notes; 5 S. W. 350; 9 N. E. 269; 66 L. R. A. 293. (c.) By admission by Price as to streets and alleys, and promise to open. 90 S. W. 1003. (d) By non-assessment and non-payment of taxes on streets and alleys for sixteen years. 62 Ark. 417. (e) By laying off lands as addition and sub-dividing it into lots and blocks. 42 Ark. 68.

4. Acceptance of dedication was not necessary: (a) Sale of lots by the plat makes the dedication complete and irrevocable without further acceptance. (b) Joint dedication by 36 grantors for mutual benefit upon valuable consideration is complete without acceptance. (c) An ordinance accepting dedication was not necessary, because the statute requiring it does not apply to towns; but if such acceptance was necessary, its absence would only affect city's liabilities, and not the public's or appellee's rights. Moreover, there is no proof that there was no ordinance of acceptance, and this burden was on appellee. 77 Ark. 221; 26 N. E. 372; 93 S. W. 473; 3 L. R. A. 660; 10 *Id.* 279; 45 N. E. 246; Kirby's Digest, § § 5531, 5421, 6990, 5476; 47 Ark. 435; 54 Ark. 533; 90 S. W. 1003; 92 S. W. 20; *Id.* 21; 87 Va. 484; 58 Ark. 151. Acceptance of dedication will be presumed or implied, because of benefits; because of non-assessment and non-payment of taxes; because of user; because of improvements and repairs made by town and city; because of recognition of streets by municipal corporation; and because of recording the plat with instrument of dedication. 68 Ark. 63; Enc. of Ev. "Dedication" 131, 132, 133, 134; 9 Am. & Eng. Enc. of L. 2 Ed. 43-45; 13 Cyc. 476. An acceptance of a part is an acceptance of the whole. 19 S. W. 735;

40 Conn. 411; 1 Gray, 203; 12 N. Y. Eq. 547; 3 Col. 472; 18 B. Mon. 232.

5. The fact that the dedicator remained in possession after dedication is presumed not to be adverse to the right to use the streets, even after ten years. 58 Ark. 150. Price's statement to the city authorities that he was not holding adverse possession, and his promise that the city could open up the street at any time, precludes appellee ·from denying the city's control. 90 S. W. 937; 77 Ark. 182; 1 Cyc. 1039, 1043 (8); *Id.* 1153; 56 Ark. 467; 9 N. E. 269; 43 L. R. A. 433.

*John L. Ingram,* for appellee.

1. Appellant's claim is stale and barred by reason of laches. 17 Wall. 336; 1 Wheat. 432; 1 How. 161; 96 U. S. 611; 20 Wall. 14; 2 Black 545; 145 U. S. 368; 17 Wall. 78; 91 U. S. 587; 95 U. S. 157; 116 U. S. 93; 135 U. S. 304; 19 S. E. 514; 3 Ballard, Real Prop. 847; 10 Pet. 449; 178 U. S. 207; 18 Am. & Eng. Enc. of L. 2 Ed. 98, 102, 103, 105, 106.

2. If there was a dedication, appellant's rights to the streets are barred from the statute of limitations. 80 Ark. 181; 41 Ark. 45; 58 Ark. 42; *Id.* 151; 18 Am. & Eng. Enc. of L. 2 Ed. 101; 79 Ark. 10; 11 Ad. & El. 1008. The alleged admission of Price was objected to and ought to have been excluded, because the witness did not hear all of the alleged conversation. Price was dead at the time the testimony was rendered, plaintiff was not present at the time of the conversation, and the conversation, if true, would not bind her. 11 Ark. 249; 24 Ark. 499; McKelvey on Ev. 236; 6 La. Ann. 146; 10 *Id.* 279; 9 N. E. 710.

3. There was no dedication. The burden of proof is on the party claiming the dedication. 4 Enc. of Ev. 116 and notes; 50 Cal. 242; 24 Ia. 283; 13 Cyc. 475. The intent to dedicate is essential. 122 N. Y. 114; 63 Ark. 5; 9 Am. & Eng. Enc. of L. 2 Ed. 36-8. Yet the intent is not of itself sufficient. If the plat introduced is admissible, which appellee denies, it would only prove or tend to prove an intent which was never acted upon. Cases *supra.* Reference to streets for the purpose of description is not sufficient, neither is the making of a plat. 9 Am. & Eng. Enc. of L. 2 Ed. 56 and notes; *Id.* 57, 59;

4 Enc. of Ev. 119 and 121, notes. The alleged plat and the writing thereto attached is not sufficient to show the intent to dedicate,—it was not admissible in evidence because it was never delivered, was not entitled to record, and was not acknowledged or proved. It was not shown that same was signed by plaintiff or her grantors, and it is void on its face. 33 Ark. 600; 35 Ark. 62; 37 Ark. 91; 35 Ark. 365; 42 Ark. 141; 63 Ark. 5; 77 Ark. 570. Acceptance of the dedication is necessary. 9 Am. & Eng. Enc. of L. 2 Ed. 43; Kirby's Digest, § 5531; 92 Wis. 477; 9 Wall. (U. S.) 1, 19 L. Ed. 590.

McCULLOCH, J. This is a suit in equity instituted by appellee, Mary E. John, against the city of Stuttgart and its officers to restrain them from opening certain streets and alleys through her property. The chancellor granted the relief prayed for, and the defendant and certain property owners who intervened in the case appealed to this court.

On May 19, 1890, N. B. Price, appellee's grantor, and the owner of certain other property in the incorporated town of Stuttgart platted an addition known as "Union Addition to Stuttgart," embracing the property now owned by appellee, and attached to the plat an instrument of writing dedicating to public use the streets and alleys shown on the plat, including that part of the streets and alleys now sought to be opened. Several years afterwards the town of Stuttgart was raised to the grade of a city of the second class. The certificate of acknowledgment appended to said instrument is in the following form:

"State of Arkansas, County of Arkansas.

"Be it remembered that on this day came before me, a notary public within and for the county aforesaid, duly commissioned and acting (naming the dedicators). And on the same day also voluntarily appeared before me (naming the wives of the dedicators) to me well known, and in the absence of their said husbands declared that they had of their own free wills signed and sealed the relinquishment of dower and homestead in the foregoing deed, for the consideration and purposes therein contained and set forth, without compulsion or undue influence of their said husbands.

"Witness my hand, etc."

The plat and dedication deed attached were filed and re-

corded in the office of the recorder of the county, and from time to time thereafter lots in Union Addition were sold and conveyed by the dedicators and their grantees by description having reference to the plat, or according to the plat.

At the time of the alleged dedication the property now owned by appellee, Mrs. John, which was then owned by N. B. Price, was inclosed with a fence including the space allotted on the plat to the street which was covered by a pear orchard, and it remains in that condition to the present day. No street has ever been opened through it, nor has it been used in any way by the public, but, on the contrary, it has been continuously used by appellee and her grantor. On March 10, 1903, N. B. Price sold and conveyed the property to appellee, the deed describing the property by metes and bounds and also reciting that it consisted of certain lots (giving number, etc.), "and intervening streets and alleys in said tract of Union Addition to the town of Stuttgart."

Soon after appellee purchased the property, the city council prepared to open a street through it, and she commenced this suit very soon thereafter. She alleges in her complaint that since Price purchased the property in April, 1890, up to the date of his conveyance to her he had been in actual, open, notorious and undisputed adverse possession of the property, including the part claimed as a street, claiming to be the owner in fee simple. This is denied in the answer, and it is therein alleged that, on the contrary, N. B. Price, while he occupied the property, represented to the officers of the city that he claimed no interest in the part platted as streets and alleys, and that he occupied the same by permission of the city.

Two issues are presented: Was there a complete dedication? Is the right to claim under the dedication and open the street barred by the seven-year statute of limitations?

It is well settled by the decisions of this court that where owners of land lay out a town or an addition to a city or town upon it, platting it into blocks and lots, intersected by streets and alleys, and sell lots by reference to the plat, they thereby dedicate the streets and alleys to the public use, and that such dedication is irrevocable. *Brewer* v. *Pine Bluff,* 80 Ark. 489; *Davies* v. *Epstein,* 77 Ark. 221; *Hope* v. *Shiver,* 77 Ark. 177;

*Dickinson* v. *Arkansas Improvement Ass'n,* 77 Ark. 570.

Where lots have been sold with reference to the plat, no formal acceptance by the city or town is necessary, as by that act the dedication becomes irrevocable, and the municipality may accept at any time and assume control over the streets and alleys. *Brewer* v. *Pine Bluff, supra.* Moreover, the statute which provides that streets and alleys dedicated to the public shall not be deemed public streets and alleys or be under the care of the city council, unless the dedication be accepted and confirmed by the city council, does not apply to incorporated towns. Kirby's Digest, § 5531.

In this case there was not only an implied dedication by filing the plat and selling lots with reference thereto, but there was also an express dedication by formal grant to the public.

It is insisted, however, that the plat and dedication deed were improperly recorded because the acknowledgment was insufficient. It is contended that the certificate of the officer fails to show that the grantors made any acknowledgment at all, and that it was not only invalid, but was not cured by any subsequent statute curing defective acknowledgments.

Curative statutes enacted in 1893, 1895, 1899 and 1901, respectively, each provide that "all conveyances and other instruments of writing which are recorded in any county in this State, the proof of execution of which is sufficient, because the officer certifying such execution and acknowledgment omitted any words in the certificate of acknowledgment, * * * or otherwise informal, shall be as valid and binding as though the certificate of acknowledgment or proof of execution was in due form, etc."

In *Johnson* v. *Parker,* 51 Ark. 419, discussing the effect of a similar statute, Chief Justice COCKRILL said: "The application of the statute has heretofore been made only to obvious omission of words from the certificate of acknowledgment; and particular instances of this nature may have given rise to the legislation in question, but the terms employed are comprehensive, and enunciate a general rule applicable to all cases in which the acknowledgment is insufficient to give full legal effect to the terms of the conveyance." In that case it was decided that where a married woman joins her husband in a conveyance

of his lands, and acknowledges the execution of the deed, but no mention is made of relinquishment of dower, either in the deed or in the officer's certificate of acknowledgment, the omission is cured by the statute, so as to bar the right of dower. In the present case the certificate of the officer shows that the grantors appeared before him, but fails to show an acknowledgment. It is evident, however, from the certificate, that the appearance could have been for no other purpose than to acknowledge the execution of the deed. It therefore falls within both the letter and the spirit of the statute because it is insufficient on account of the officer's omission of necessary words from his certificate. The omission falls squarely within the doctrine stated by the court in *Johnson* v. *Parker, supra,* wherein it is said: "Our statutes were designed to operate upon the ceremony of the execution of conveyances—a subject wholly within the control of the Legislature; and * * * the power which prescribed the form to be observed in the execution of a conveyance has said that a non-compliance with it shall be excused in order that the contract made by the parties shall have effect according to its purport."

But the dedication was sufficient, even if the record of the plat and deed were not cured by the subsequent statute. Appellee had actual knowledge of the dedication, and the recitals of her own deed under which she obtained title to the premises put her upon notice of the dedication, for the numbers of the lots and blocks and the streets and alleys according to the plat were referred to.

Prior to the filing of the plat of Union addition and execution of the dedication deed by N. B. Price and others, it is shown that one Calvin (Price's grantor) and two other property owners surveyed and platted the territory for the purpose of laying it off, and entered into a written agreement between themselves that no streets and alleys were to be opened unless the parties through whose property the particular street or alley ran should consent thereto. This prior agreement is brought forward now, under the rule announced by this court in *Holly Grove* v. *Smith,* 63 Ark. 5, as a bar to the right of the city to open the street. That agreement was, however, superseded by the subsequent dedication of May, 1890, by the owner of the

same and other lands. It can not now be used for the purpose of frustrating the subsequent consummated dedication by the property owners.

We think the dedication was complete and irrevocable, and is binding upon appellee as grantee of one of the original dedicators.

There is testimony tending to show that N. B. Price, during his occupancy of the property before he conveyed it to appellee, expressly recognized the right of the city to open the dedicated street, and that he occupied it in subordination to the right of the public to have the street opened whenever needed. Two witnesses testified that they heard Price say to the mayor of the city during his occupancy of the property that he was not claiming any title or right by adverse possession to the space allotted on the plat to streets and alleys, that the space belonged to the city, and that the city could throw it open whenever needed for public use. Several witnesses who had been connected with the city government for many years, and who were intimately acquainted with Price for a long time, testified that they never heard of him ever claiming title to the streets or denying the right of the city to open them.

Price died during the pendency of the suit in the court below, without having given his deposition. Members of his family were allowed, over the objection of the appellants, to testify that they had heard Mr. Price say on several occasions in private conversations with them that there were no streets and alleys to be opened through the property, or that he would not allow any to be opened through the property.

The property was fenced at the time of the dedication, and had fruit trees growing on it, and the character of the occupancy and use remained the same until the commencement of this suit. Where a vendor, after having executed a deed, remains in possession of the premises conveyed, he is presumed to hold in subordination to the title conveyed, unless there is affirmative evidence of a contrary intention; and, where his occupancy and use are not manifestly inconsistent with the right of his grantee, notice of the hostility of his claim must in some way be brought home to his grantee before the statute of limitations will begin to run. *Graham* v. *St. Louis, I. M. & S. Ry. Co.,* 69 Ark.

562; *Little Rock* v. *Wright,* 58 Ark. 142; *El Dorado* v. *Ritchie Grocery Co.,* 84 Ark. 52, 104 S. W. 549.

As the city had the right to postpone the throwing open of the streets, and the continued occupancy and use of the property by Mr. Price were not inconsistent with the rights of the public, and no notice is shown to have been given of an intention to hold in hostility to those rights, the statute never began to run while he occupied the premises.

The rule is different as to Mrs. John, who was a stranger to the dedication deed, and her occupancy of the premises and exercise of acts of ownership over it were of themselves evidence of adverse possession; but, as she purchased the property only a few months before the commencement of this suit, her possession had not ripened into title by limitations.

Appellee also invokes the doctrine of laches against the right of the city to open the street.

The city and intervening property owners are not seeking any equitable relief, but, when this suit was instituted, the city was merely proceeding in a legal way to cause the street to be opened. Therefore the doctrine of laches finds no proper place in this case. It is a doctrine peculiar to courts of equity, and can be invoked only where the aid of that court is asked for the enforcement of a neglected claim. *Rowland* v. *McGuire,* 67 Ark. 320; *Galliher* v. *Cadwell,* 145 U. S. 368. Nor do the facts, even if it were a proper case where the doctrine would be invoked, warrant its application. There was no change in the status of the property of the owner, except that appellee purchased from the dedicator. But she purchased with full notice of the dedication, and can not complain. The city was not called upon to put the dedicated street into use until the public convenience called for it; hence the right to use it was not neglected, and can not be deemed to have been abandoned.

Decree reversed, with directions to dismiss the complaint for want of equity.