ELLEN TROTT, executrix,

*vs.*

WOOLWICH MUTUAL FIRE INSURANCE COMPANY.

Sagadahoc.    Opinion April 9, 1891.

*Insurance.    Insurable Interest.    Husband and Wife.    Waiver.*

An insurance policy issued on a dwelling-house in the name of a husband when the title was in his wife, the company not being informed that the husband was not the legal owner, is void.

Validity is not imparted to the policy by the fact that the company, still uninformed of the true state of the title, indorsed on the policy its consent that the policy might continue in force notwithstanding a temporary non-occupation of the premises.    That act waived forfeiture on one ground only, —not on all grounds.

*Clark* v. *Dwelling-House Insurance Company*, 81 Maine, 373, affirmed.

ON EXCEPTIONS.

This was an action on a fire policy issued to James H. Trott, husband of the plaintiff, and was tried by the presiding justice with right of exceptions.    The presiding judge found as follows : "Policy declared on, issued November 4, 1886, on application in writing of the insured, the blanks, filled up in writing, were in the hand-writing of the clerk of the company, but the blanks for statement of title were not filled up.

"The premises were purchased by the insured, February 1, 1872, paid for by him, but at his request, the deed was given to the wife of the insured, the plaintiff; and the title stood in her name till the fire.    There was no agreement between the said husband and wife in regard to the manner in which she should hold the title, but the premises were occupied by husband and wife and their family as a homestead, till 1887, when they moved to Boston, vacating the buildings.    James H. Trott, died August 12, 1888.

"It is not shown that the defendant company, or any of its officers, knew that the title was in the wife till after the fire, which occurred twentieth of September, 1889.    No question is made as to regularity of proof of loss.

"The company was notified June 13, 1889, that the buildings were vacant, and indorsed in writing, its consent that the insurance should continue, the secretary who made the indorsement knowing that James H. Trott was dead.

"Upon the foregoing facts I rule as matter of law, that the insured had no insurable interest in the buildings and that the defendant is not estopped from making that defense, and order judgment for the defendant."

To this the plaintiff excepted.

*J. M. Trott*, for the plaintiff, cited: *Stock* v. *Inglis*, 12 Q. B. D. 564; *East. R. R. Co.* v. *Ins. Co.* 98 Mass. 423; *Williams* v. *Insurance Co.* 107 Mass. 379; Field's Lawyers' Briefs, 283, 284; *Looney* v. *Looney*, 116 Mass. 286; *Harris* v. *Insurance Co.* 50 Penn. 341; Wood Ins. § § 255, 278.

*C. W. Larrabee*, for the defendants, cited *Clark* v. *Insurance Co.* 81 Maine, 373; *Troup* v. *Appleman*, 9 Md. 179.

PETERS, C. J.   James H. Trott, husband of the plaintiff, in 1872, with his own money, purchased a farm in Woolwich, with buildings upon it, taking the title in the name of his wife. There was no agreement between the husband and wife as to the manner in which she should hold or use the property, but they with their family occupied it as a homestead until 1887, when they vacated it, removing out of the state. In 1886, he procured an insurance on the buildings in his own name, as if his own property. He died in 1888. It does not appear that the insurance company, or any of its officers, knew that the title of the property was in the wife, and not in the husband, until the buildings were consumed by fire in September, 1889.

The action upon the policy is in the wife's name as executrix of the estate of her husband. We see no way to escape the conclusion that the case must be controlled by the decision in *Clark* v. *Dwelling-House Insurance Co.* 81 Maine, 373, which declares such a policy void. So far the cases are absolutely alike.

The plaintiff's counsel cites several cases from other states, claiming that they tend to affirm the validity of the present

policy. Those cases, if not arising upon facts different from present facts, must be founded, we apprehend, upon statutory provisions, unlike our own, affecting the rights growing out of the marital relation.

The plaintiff contends that a circumstance affecting the policy, distinguishes this case from the one we have cited. It appears that in June, 1889, several months before the fire occurred, the company, upon notice that the buildings were vacant, indorsed upon the policy its consent that it should continue in force notwithstanding the non-occupancy, the secretary who made the indorsement having had notice that the husband was then deceased. This act is relied upon by the plaintiff as an estoppel against the company, and a waiver of all error before existing, giving perfection to the original contract.

We do not perceive that an estoppel was created by this fact. The officers of the company were not at the time aware that the wife held the legal title of the property. As the policy was void at first it was just as much so afterwards. There was no new contract or alteration of contract. The company merely waived a forfeiture for non-occupation of the property,—for nothing else. The policy itself is absolute in its terms, although void, and no indorsement upon it in less absolute terms than those of the policy itself can impart to it validity.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.