## PLANTERS' MUTUAL INSURANCE COMPANY *v.* LOYD.

### Opinion delivered March 10, 1900.

1. FIRE INSURANCE—WHEN FORFEITURE WAIVED. — Where an insurance company's adjuster, having knowledge that the insured had made a false representation which would work a forfeiture of the policy, furnished him blanks and directed him to make out proofs of loss, and thus induced him to incur expense or trouble under the belief that the loss would be paid, the forfeiture is waived. (Page 588.)

2. SAME—EXTENT OF WAIVER.—A waiver by an insurance company of one ground of forfeiture of a policy of which it has knowledge will not affect another forfeiture of, which it is ignorant. (Page 588.)

3. BREACH OF WARRANTY—OWNERSHIP OF PROPERTY.—It is a ground of forfeiture of a policy of fire insurance that the insured stated in his application that he was the sole owner of the property insured, and warranted such application to be true, when at the time he made this statement the title to the property had passed to his wife. (Page 589.)

4. FORFEITURE—BURDEN OF PROOF is on the insured to show a waiver of a forfeiture by the insurer. (Page 589.)

5. SAME—STATEMENT AS TO OWNERSHIP.—A statement by insured in his application that he was the sole owner of the premises insured, but that the title was not in his name, was not sufficient to put the insurer on notice that the insured held neither the legal nor the equitable title to the premises, nor to prevent the insurer from insisting upon a forfeiture

of the policy on the ground that the insured's statement that he was the owner was untrue. (Page 589.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

## STATEMENT BY THE COURT.

On the 26th day of January, 1897, T. M. Loyd took out a policy of insurance in the Planter's Mutual Insurance Association for the sum of $1,000 upon his dwelling house and certain furniture therein against loss by fire.

Loyd had a short time previously made an application to the Teutonia Insurance Company for insurance upon this same property. The application made by Loyd to that company contained the following questions and answers in reference to the title of Loyd to the property he desired to insure: "Q. Is your title to the above property absolute? If not, state its nature and amount. Ans. Title bond in fee simple." The Teutonia Company, not desiring to insure property outside of Little Rock, turned the application over to the agent of the Planters' Mutual Insurance Association, and afterwards Loyd made an application for insurance in that company. The application contained the following questions, which were answered by Loyd as follows: "Q. Are you sole owner of the property to be insured? A. Yes. Q. Is the title to the land on which the buildings are situated in your name? A. No. Q. Is your property incumbered? A. Yes. Q. To what amount? A. $150. Q. When due? A. In six months. Q. Any suits pending which may effect your title? A. No. Q. Any unsatisfied judgments against you? A. No."

The policy was issued on this application, and by it the association agreed to make good unto the assured "all such immediate loss or damage not exceeding the amount of the sum insured nor the interest of the assured in the property." The policy also contained the following stipulations and covenants: "By the acceptance of this contract the member covenants that the application hereof and by-laws on back of this contract shall be and form a part hereof and a warranty by the assured, and the as-

sociation shall not be bound by any act or statement made by any agent or solicitor unless inserted in this contract."

The property was afterwards destroyed by fire within the time covered by the policy. The association refused to pay the loss, and Loyd brought this action on the policy. The defense set up by the association was that the policy was void on account of false and fraudulent statements made by Loyd in his application upon which the policy was issued; that Loyd was not the owner of the property, and that there were unsatisfied judgments against Loyd; and, further, that the fire which destroyed the property was caused by the negligence, gross carelessness and willful act of appellee. On the trial it was shown that there were unsatisfied judgments against Loyd, which would have been liens upon the property to the extent of one or two hundred dollars, in addition to the sum named by him his application. It was also shown that on the 21st day of January, 1895, before the policy was issued, Loyd had executed a mortgage on the property in controversy to A. J. Kaiser to secure the payment of a note due Kaiser by Loyd; that Kaiser had foreclosed this mortgage in the circuit court of Little River county, and that on the 22d day of December, 1896, the property had been sold under the decree of said court, and purchased by Mrs. Loyd, wife of T. M. Loyd, who executed her note for the purchase money of the same with A. J. Kaiser as surety.

There was a verdict and judgment in favor of Loyd, from which the association appealed.

*J. W. House*, for appellant.

The court erred in its refusal to allow appellant's counsel time to prepare a motion for continuance. 2 Ark. 33; 22 Ark. 164; 21 Ark. 460. The court erred in giving instruction No. 2 asked by plaintiff. In order to establish a waiver of a forfeiture, the jury must show a distinct recognition of liability on the policy, after a knowledge of the forfeiture. 116 N. Y. 106. And there must either be an agreement based on a consideration, or something in the actions of the insurer to estop its pleading the forfeiture. 30 N. Y. 163; 57 N. Y. 505. Appellant's acts were only an effort to "buy its peace," and did

not constitute a waiver of any right or defense.    20 Ill. App.
436; 64 N. Y. 16; 35 Md. 89; 44 S. W. 466; 83 Mich. 512;
65 Ia. 469; 90 Tenn. 218; Ostrander, Ins. 754, 755; 65 Ark.
54.  Appellee can not recover because of the false representation
made by him as to his ownership of the property.    58 Ill. 159.
He really had no interest whatever in the property.  18 Md. 45.
The false representations as to liens, judgments and incumbrances
are fatal to appellees' recovery.    64 Ark. 590; 65 Ark. 54; 35
Ohio St. 617; 6 Cush. 340; 10 Cush. 444; 11 Cush. 280; 7
Allen, 132; 4 H. L. Cas. 484.    If the acts and declarations of
the agent of the appellant had constituted a waiver of anything,
it was only of proof of loss.    71 N. Y. 272; 7 Gray, 373.    If
there was a failure as to any warranty, either as to title or
liens, appellee could not recover.    47 Me. 403; 102 Pa. St.
335; 35 Ohio St. 606; Wood, Fire Ins. 302; 53 Ark. 353; 57
Ark. 279; 58 Ark. 277; *ib.* 528.    The false representations of
appellee made the policy void *ab initio*, and it could not be re-
vived except by a new contract based upon a new considera-
tion.    16 S. W. 470; 23 Mich. 486; Ostrander, Fire Ins. 754,
755, 756, 757.    This being a mutual insurance company, each
member is held to strict good faith and to a knowledge of all
the rules.    Since the by-laws prescribe that no waiver can be
made except in writing, signed by the president or secretary,
the agent had no authority to waive the forfeiture, and his ac-
tions do not bind appellant.    4 Allen, 116; 9 Allen, 329; 54
N. W. 21; 14 Gray, 209; 17 Allen, 241; 1 Allen, 296.

*L. A. Byrne,* for appellee.

Appellant, having failed to urge the court's refusal to
grant him time to file his motion for a continuance in his mo-
tion for new trial, cannot urge it here.    43 Ark. 391; 55 Ark.
547; 38 Ark. 413.    The jury having found that the facts
proved amounted to a waiver, their verdict should be conclu-
sive.    That there was a waiver of forfeiture, see 53 Ark. 495.
Appellee's answers were such as to put appellant upon notice
as to the character of his title, and, having insured him with
such knowledge, it cannot now escape the liability.    52 Ark. 16.

RIDDICK, J., (after stating the facts.)    This is an action

on a fire insurance policy. The plaintiff, Loyd, in the written application upon which the policy was issued, stated that there were no unsatisfied judgments against him, and that he was the sole owner of the property to be insured. It was conclusively shown at the trial that these statements were not true. There were unsatisfied judgments against him, and he was not the owner of the property. It belonged to his wife. But it is said that if any forfeiture existed by reason of these statements in the application, it was waived. The facts relied upon as a waiver are that, shortly after the loss occurred, the adjuster of the association met Loyd and his attorney at the office of the latter. The adjuster had heard of the judgments against Loyd, and on that ground denied that the company was liable, and refused to pay the face of the policy, but offered to compromise. Loyd declined to accept the compromise, and thereupon the adjuster left, saying: "You can make your proofs. I have ninety days in which to settle." He afterwards furnished blanks for plaintiff to make out his proof of loss. As the adjuster had notice that there were judgments against Loyd, and that the statements in his application with reference to such judgments and liens upon his property were not true, there is ground for the contention that any forfeiture arising from such misstatements was waived by the act of the adjuster in requesting plaintiff to make out proof of loss, and by leading plaintiff to incur expense of making such proof; for when the insurer, with knowledge of any act on the part of the assured which works a forfeiture, enters into negotiations with him which recognize the continued validity of the policy, and thus induces him to incur expense or trouble under the belief that his loss will be paid, the forfeiture is waived. *German Ins. Co.* v. *Gibson*, 53 Ark. 494; *Phœnix Ins. Co.* v. *Flemming*, 65 Ark. 54; 1 Wood on Insurance, § 89.

But if, at the time of such negotiations, the insurer is ignorant of the forfeiture and of the misstatement which causes it, no waiver can be implied. Nor will an act which impliedly waives one ground of forfeiture affect another forfeiture of which the company and its agent were ignorant. *Trott* v. *Woolwich Mutual Fire Ins. Co.*, 83 Me. 362. Now, if we concede that

any forfeiture caused by the statements in the application as to judgments and liens was waived, there is still the forfeiture caused by the fact that Loyd was not the owner of the property insured.   He stated in his application that he was the sole owner thereof, but at the time he made this statement the property had been sold under a decree against him foreclosing a mortgage on the property, and had been purchased by another. It makes no difference that the purchaser was his wife, and that the purchase was made by Loyd in her name, as he stated, to avoid other claims against him.   The material fact is that by the sale · and purchase all interest in the property owned by him passed to his wife.   The sale took place in 1896, and he had no right to redeem.   *Martin* v. *Ward*, 60 Ark. 510.   He stated in his application that he was the sole owner of the property, and the policy stipulated that if this answer was untrue, or his interest any other or less than a perfect legal and equitable ownership, except as stated thereon in writing, the policy should be absolutely null and void.   It follows that the policy is void, unless this forfeiture was waived; and the burden of showing such a waiver was on plaintiff.   We have stated the only act relied on as a waiver, and there is nothing to show that at the time of its occurrence the adjuster had notice that Loyd was not the owner of the property, or that his statement in the application that he was the owner was untrue.   The adjuster testified that he had no notice of these facts until after this action commenced, and his testimony on this point is uncontradicted.

It is said that Loyd, in his application for insurance, stated that the title to the property was not in his name, and that this statement was sufficient to put the company on inquiry by which they could have learned the facts.   But all the statements on this point must be taken together, and they are in effect that he was the sole owner of the property, though the title was not in his name, and that there was an incumbrance on the property to the extent of one hundred and fifty dollars. These statements would naturally lead the company to conclude that Loyd owned the equitable or beneficial title, though the legal title was in another.

Loyd must have known that his statements would leave this impression, for in his application to the Teutonia Company he had stated that the nature of his title was a "title bond in fee simple," and he had been informed by the Teutonia Company that this application had been delivered to the appellant association. He no doubt intended to make this impression, not necessarily to mislead the association, but probably because he himself regarded the purchase of the property in his wife's name, and the execution of notes by her for the purchase money, as a matter of no importance. This had been done, as he said, to avoid claims against himself, and he still intended to remain the beneficial owner. But the law regards such a transaction in a different light, and the insurance association cannot be bound by Loyd's opinion of the matter. He should have stated the facts, and allowed the association to put its own construction upon them. It is a matter of no moment that the legal title did not pass to Loyd's wife, for the equitable title did pass. The association had been told that the legal title was not in Loyd, but in another. It could not complain of that; but, as before stated, their defense is that, after such sale and purchase by his wife, he was neither the legal nor equitable owner of the property, and that his statement on that point was untrue. Our conclusion is that, under the facts as they appear in the record before us, this contention must be sustained, and the policy held to be void. *Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y. 47; *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. (U. S.) 48; 1 Wood, Fire Insurance, § 194.

Counsel for appellant also contends that, as the association, by the terms of its policy, only agreed to pay Loyd a sum not exceeding the value of his interest in the property insured, he could not recover, even if there were no forfeiture, for his wife owned the property. There are cases which hold that, under statutes depriving the husband of the control of the wife's property, he has no insurable interest therein. *Trott* v. *Mutual Fire Ins. Co.*, 83 Me. 362; *Traders' Ins. Co.* v. *Newman*, 120 Ind. 554.

But we need not discuss that question, for, as the facts appear here, no recovery can be had under any view of the law on that point.

Judgment reversed, and cause remanded for a new trial.