NORTH RIVER INSURANCE COMPANY OF NEW YORK *v.* LOYD.

Opinion delivered February 3, 1930.

*W. P. Strait* and *McMillen & Scott,* for appellant.
*Edward Gordon,* for appellee.

SMITH, J. Appellee sued the appellant insurance company, and recovered judgment for a thousand dollars, the amount of a policy of fire insurance on a stock of goods owned by him, which was totally destroyed by fire. The insurance company denied liability upon the grounds that the insured had negligently failed to extinguish the fire when he might have done so, and had taken out a thousand dollars additional insurance, contrary to the provisions of the policy sued on, to the effect that no other insurance would be permitted.

There was evidence on the part of the insurance company to the effect that appellant had failed to extinguish the fire when, by ordinary care, he might have done so, but, on the contrary, had caused a fire, which had originated in an adjoining building, to spread to the one in which his stock of goods was housed by scattering hay. This testimony was denied, and, on the contrary, it was asserted that the hay was removed to prevent the spread of the fire. This issue of fact was submitted to the jury under the following instruction: "If you find or believe from the testimony in this case, taking into consideration all the facts and circumstances, that the property covered by the policy sued on was destroyed as a result of a fire originated or started by the plaintiff, then he cannot recover in this suit, and your verdict should be for the defendant."

The verdict of the jury, which was in appellee's favor, is conclusive of this issue of fact.

It appears that two policies were issued on the same day, each being for a thousand dollars, and that both policies provided that there should be no other concurrent insurance. The insured testified, in effect, that he did not intend to keep both policies, and that he took out the policy sued on because of his apprehension that the other would be canceled on account of the location of the building which housed his stock of goods, and the undisputed testimony shows that it was agreed, before the fire occurred, that the other policy should be can-

celed, although the premium thereon was not actually returned until after the fire.

Instructions of the court were given upon the theory that the policy sued on was void if there was, in fact, an outstanding policy for additional insurance at the time of the fire, but that there was liability if the other policy had been canceled before the fire, although the premium had not been returned, and the instructions made the liability of the insurance company dependent upon the good faith of the cancellation of the other policy.

It was and is the theory of the insurance company, as expressed in the instructions asked by it and refused by the court, that the existence of concurrent insurance invalidated the policy sued on, and that the cancellation of the other policy before the fire did not operate to make the policy sued on a binding and effective contract of insurance. The correctness of this contention is the decisive question in the case.

The case of *Nabors* v. *Dixie Mutual Fire Ins. Co.*, 84 Ark. 184, 105 S. W. 92, recognized the rule which appears to be followed by all the courts that "where a policy of fire insurance contains a clause avoiding the policy if insured procures additional insurance, the procurement of such additional insurance without the insurer's consent avoids the policy."

The policy there sued on contained such a clause, and liability was denied upon the ground that another policy was outstanding. It was contended, however, that the other policy was void on two grounds, "first, because the insured executed a mortgage on the property in violation of the terms of the policy; second, because the insured had taken out additional insurance not permitted by the policy." The judgment in favor of the insurance company which had been sued, and which judgment had been rendered in its favor upon a verdict directed by the court, was reversed, for the reason there stated that there was competent testimony

tending to show that the other policy had become void before the loss had occurred, and that there was, therefore, no policy of insurance in force at the time of the fire except the one sued upon.

At § 321 of the chapter on Insurance in 14 R. C. L. page 1139, it is said: "There is a conflict of opinion on the question, whether the fact that a policy obtained in violation of a warranty expires or is canceled before a loss restores the liability of the insurer. Some courts hold that in such a case the insurer is liable; others hold that it is not."

Among the cases cited in the note to this text is that of *Born* v. *Home Ins. Co.*, 110 Iowa 379, 81 N. W. 676, which is annotated in 80 A. S. R. 300. In the annotator's note it is said: "The general rule to be deduced from the weight of authority is, that the violation of a condition in a policy of insurance, which works a forfeiture thereof, merely suspends the insurance during the violation, and that, if such violation is discontinued during the life of the policy, and is nonexistent at the time of loss, the policy revives, the insurance is restored, and the insurer is liable, although he has never consented to a violation of the conditions in the policy, and such violation has been such that the insurer could, had he known of it at the time, have declared a forfeiture therefor. The decisions upon this subject, however, are by no means uniform, and, while the majority of them maintain the doctrine above stated, a considerable number assert that, upon a breach of condition for which a forfeiture of the insurance might be declared, the policy, from that fact itself, becomes void, and can never be restored to validity except with the consent of the insurer, and that the fact that the breach of condition is past and did not contribute to the loss does not necessarily put an end to the right of the insurer to avoid the policy. Both classes of cases will be noticed in the following note."

Another case cited in the note to the text from R. C. L. quoted above, is that of *Sumter Tobacco Warehouse Co.* v. *Phoenix Ins. Co.,* 76 S. C. 76, 56 S. E. 654, 10 L. R. A. 736, 12 Am. St. Rep. 941, 11 Ann. Cas. 780. This case is extensively annotated in 10 L. R. A. (N. S) 736, and the annotator's note accords with that of the annotator in the Born case, *supra.*

In the Sumter Tobacco Warehouse Company case, *supra,* the facts were that the policy provided that ''This entire policy, unless provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if the hazard be increased by any means within the control or knowledge of the insured.'' The owner of the building in whose favor the insurance had been written leased the property insured to a tenant, who made a different and more hazardous use of the building, but before the loss by fire occurred the owner took .possession of the building from his tenant, and devoted it to its former use. When liability was asserted against the insurance company on account of damage by fire, liability was denied for the reason stated. In holding the insurance company liable under the facts stated the Supreme Court of South Carolina said: ''On this point the authorities are in hopeless conflict. Some courts of high authority hold the policy to be finally avoided by such temporary increase of hazard,'' and cases to that effect were cited. But the court also said: ''It may be reasonable to suppose an insurance company would desire to reserve the valuable right of canceling a policy, even on a temporary increase of hazard, if known to it at the time, because such change might result in loss; but it is not reasonable to impute to it a purpose or desire to curtail its own revenue by canceling a policy on account of a temporary increase of hazard, which has come to an end without loss, and from which it could not possibly suffer detriment. Hence there may be ground for holding. a temporary increase of hazard forbidden by the policy to avoid the insurance without action, or even knowl-

edge, on the part of the company, when the loss resulted from that cause; but there is no ground for such an inference when the increase of hazard comes to an end without loss. The greater weight of authority supports this conclusion." (Citing authorities).

In 2 Wood on Insurance (2d ed.) § 397, p. 809, it is said: "When a policy provides that if other insurance or insurance beyond a certain amount shall be obtained, such policy shall be *of no effect,* the policy is not rendered void by other insurance, or over insurance, but only inoperative during the period that such 'other' or 'over insurance' exists, and if, prior to a loss, such other insurance has ceased to exist, or no over insurance exists, the policy is operative and enforcible."

We do not review the numerous cases cited in the annotator's notes above referred to, and we accept as true their statements that the weight of authority is to the effect that a policy is not made void by the fact that there was other insurance contrary to the terms of the policy sued upon, where such other insurance had ceased to be in force before a loss occurred. We are convinced that the sounder reason supports this view, and that this rule is more in consonance with principles of justice than the other, as it is not all probable that, if a policy, such as the one here sued upon, expired without a loss, any portion of the premium would be tendered in return, if it were thereafter discovered that there had been in fact concurrent insurance in violation of the provisions of the expired policy on account of which the policy might have been declared void.

In so far as the views here expressed are in conflict with the opinion in the case of *German-American Insurance Co.* v. *Humphrey,* 62 Ark. 348, 35 S. W. 428, 54 Am. St. Rep. 297, that case is overruled.

No error appearing, the judgment must be affirmed, and it is so ordered.