MERCHANTS' INSURANCE COMPANY *v.* BARTON.

Opinion delivered November 17, 1930.

*Haynie, Parks & Westfall* and *Thompson, Knight, Baker & Harris,* for appellant.

*Gaughan, Sifford, Godwin & Gaughan,* for appellee.

McHaney, J. Appellee, Phillips, a merchant of Camden, Arkansas, took out a policy of fire insurance with appellant on his stock of merchandise for $2,500, dated March 22, 1928. Thereafter on May 31, 1928, Phillips sold and assigned the insured property to appellee Barton, as trustee, and appellant's agent, Benson, made the following indorsement on the policy: "The interest of Frank Phillips, as owner of the property insured under this policy, is hereby transferred to C. L. Barton, as trustee, purchaser, F. P. Benson, agent." Barton took possession and employed Phillips and other salesmen to conduct the business. On July 12, 1928, Benson secured possession of the policy in question from Phillips for the purpose, according to Phillips of looking it over. He took it to his office, and, without notice either to Phillips or Barton, made this indorsement thereon: "Cancelled 7-12-28, rate pro-rated by the company, return premium $22.40," and sent same to appellant's general agents in Dallas, Texas. On July 21, 1928, the building and contents were totally destroyed by fire originating in a property nearby. Proper proof of loss was made in apt time, but appellant refused the claim on the ground that the policy had been canceled. This suit followed, resulting in a verdict and judgment for appellees for $2,500, penalty and attorney's fees.

Appellants first contention for a reversal of the case is that the court erred in refusing its request for a peremptory instruction in its favor for the following reasons:

1. That the total concurrent insurance permitted, including the policy in question, was $12,000, and that the insured had $12,750. It is true that only said sum was permitted, and that at the time this policy was issued, it together with other policies exceeded this amount. But the proof shows that Mr. Benson had canceled $3,250 of insurance other than the attempted cancellation of this policy, prior to the loss, which reduced the amount of insurance far below the total permitted. Such being the case, the rule announced in the recent case of *North River Ins. Co.* v. *Loyd,* 180 Ark. 1030, 23 S. W. (2d) 988, applies, and this policy was not void because of over insurance. It therefore becomes necessary to discuss the question of waiver on account of the knowledge of Benson of such over insurance.

2. That the record warranty clause was violated in three particulars, to-wit: (1) That no inventory was taken; (2) that no adequate set of books were kept; and (3) that the records were not kept in a fireproof safe. Section 1 of the record warranty clause of the policy provides that the assured must take a complete itemized inventory of his stock at least once each year, "and within twelve months of the last preceding inventory, if such has been taken." If no inventory has been taken in twelve months prior to the date of policy, "and together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days," or the policy shall be void. The undisputed proof is that an inventory was taken in January, 1928, less than 90 days before the policy was issued. The proof further shows that a set of books, such as the ordinary merchant usually keeps, was kept. A substantial compliance with the record warranty clause is all that is required, and we are of the opinion appellees substan-

tially complied therewith. *Queen of Ark. Ins. Co.* v. *Malone,* 111 Ark. 229, 163 S. W. 771; § 6148, C. & M. Digest. Section 2 of the same clause requires the assured to keep a set of books showing a complete record of the business done, including purchases, sales and shipments, both for cash and on credit, and it is claimed this was not done. But the proof contradicts appellant. It shows that a complete record of the business done was made, and while it is true some of the invoices were destroyed, duplicates were obtained from wholesale houses and substituted. This likewise was a substantial compliance. As to the failure to comply with the 3d section of this clause, the facts are that the books and records were preserved and not destroyed, except some invoices. Appellant did not ask to see the books. It denied liability and declined to pay the loss before suit on the ground that the policy had been canceled. All these matters regarding violation of the record warranty clause were considered and determined adversely to the contention of appellant in *Royal Ins. Co. of Liverpool* v. *Morgan,* 122 Ark. 243, 183 S. W. 198.

3. That Barton had completed his trust and should have been discharged; that he had no further interest in the suit. We cannot agree with appellant in this regard. While it is true that the major portion of the object of the trusteeship has been accomplished, it is not all completed. Considerable litigation with insurance companies has necessitated the employment of counsel and an adjuster, who have not been paid for their services, nor has appellee been paid for his services as trustee.

Other questions are argued by counsel for a reversal of the case—that the court erred in refusing to transfer the cause to equity on its motion, that the value of the property destroyed was not proved, and error in the admission of certain testimony—all of which we have carefully considered and find the points not well taken. We think it would serve no purpose to discuss them in detail.

We find no error, and the judgment is affirmed.