SECURITY INSURANCE COMPANY OF NEW HAVEN *v.* SMITH.

Opinion delivered February 16, 1931.

*Cravens & Cravens,* for appellant.

*A. L. Smith,* for appellee.

McHANEY, J. Appellees sued appellant on a policy of fire insurance dated September 24, 1929, which insured appellee Smith as owner, and appellees, J. M. Gentry and W. O. Reed, as first and second mortgagees, respectively, as their interest might appear, in the sum of $2,000 on a certain house in Siloam Springs, Arkansas. The suit was brought in the chancery court for the reason that the mortgage clause in the policy named the State Bank as first mortgagee, whereas the truth was that J. M. Gentry was the first mortgagee instead of the State Bank, and that the bank's name was inserted therein by mutual mistake, and that it was necessary to reform the policy to show this fact. A trial resulted in a decree of reformation in this respect and judgment against appellant for the sum sued for with interest, 12 per cent. penalty and $250 attorney's fee for appellee's attorney.

Appellant defended the action on several grounds which are here urged for a reversal of the case, as follows: (1), that appellee Smith was not the owner in fee simple of the ground upon which the insured building was located at the date of the policy, September 24, 1929; (2), that, if he were the owner, his title and interest in the property was thereafter changed without the consent of the company, avoiding the policy; (3), that appellee Smith had sworn falsely in the proof of loss as to the value of the property and as to the ownership of the first mortgage by the State Bank instead of J. M. Gentry; (4), that the court erroneously assessed a penalty and attorney's fee against it on the ground that its refusal to pay the amount of the policy was not vexatious, but that its refusal was based upon a well-founded belief that it did not rightfully owe the appellees anything on account of said policy, and further that it could not know to whom it should pay as mortgagees without a reformation.

■ Relative to the ownership of the property, the policy provides that it shall be void, "if the subject of

insurance be a building on ground not owned by the insured in fee simple.'' The facts are that F. C. Main and his wife deeded the property to Smith under date of September 20, 1929, and left the deed in the First State Bank of Siloam Springs to be delivered to Smith when he delivered his deed to it conveying certain property to Main and paid it for Main, $350 in cash. In other words, Smith was exchanging certain property with Main for the insured property and paying him a difference of $350. The deal was not actually closed on that date, but was consummated a few days later, perhaps finally closed after the date of the policy. As above stated, the policy was dated September 24, 1929, but the proof shows it was not delivered until after title in fee to the insured property had vested in Smith. Conceding therefore that the title in fee had not vested in Smith at the date of the policy, it had it when it was delivered and when the loss occurred, and appellant is in no position to raise the question. It is the real status of the situation at the time of loss, and not at the time of the issuance of the policy, that controls liability under the policy. We so held in *North River Ins. Co.* v. *Loyd,* 180 Ark. 1030, 23 S. W. (2d) 988, and in *Merchants Ins. Co.* v. *Barton,* 182 Ark. 725, 32 S. W. (2d) 1069. In the latter case, the total concurrent insurance permitted in the policy was $12,000, whereas, at the time the policy in question was issued it and other insurance made a total of $12,750. We there said: ''It is true that at the time this policy was issued, it together with other policies exceeded this amount. But the proof shows that Mr. Benson had canceled $3,250 of insurance other than the attempted cancellation of this policy prior to the loss, which reduced the amount of the insurance far below the total permitted. Such being the case the rule announced in the recent case of *North River Ins. Co.* v. *Loyd,* 180 Ark. 1030, 23 S. W. (2d) 988, applies, and this policy was not void for overinsurance.'' So in this case appellee Smith had contracted for the title prior to the date of the policy and had acquired the title

before the policy was delivered and before the loss, and the policy was not void because thereof.

■ It is next argued that the policy is void, even though Smith be held to be the owner of the property, for the reason that he thereafter mortgaged same to W. O. Reed without the knowledge and consent of appellant. We do not agree with appellant in this contention. The policy specifically provided in a mortgage clause attached to it that Reed was a second mortgagee and that he should be protected as his interest might appear. The facts are that Smith was indebted to Reed on an old indebtedness of $900. He borrowed $350 from Reed with which to pay Main the amount due him, and on October 5 he executed the mortgage to Reed for $1,250 to secure his note in said sum. Again, the above rule applies, that the situation existing at the time of the loss controls the liability on the policy. The fact that Reed did not actually have a mortgage at the date of the policy can make no difference to appellant, since by the express provision in the policy he was permitted to be a mortgagee.

■ It is next contended that Smith was guilty of false swearing in the proof of loss executed by him as to the value of the insured house, and that the State Bank was the holder of the first mortgage thereon, instead of said Gentry, which avoided the policy, under its provisions. We do not agree with this contention. In the first place, an adjuster representing the company came before proof of loss was made and denied liability. This action made it unnecessary to file a proof of loss and any statements made therein would be immaterial. In the next place, the house insured was totally destroyed by fire and under the provisions of the statute, 6147, Crawford & Moses' Digest, the full amount of insurance named in the policy became due and payable. Therefore, the value of the property became immaterial, except as it might tend to show fraud and collusion between the owner and the agent in procuring the policy. The statute made the claim in this case a liquidated demand for the full amount

stated in the policy for which a premium was charged and collected.

■ It is finally insisted that the court erred in assessing a penalty and attorney's fee on the ground that it did not refuse to pay for the purpose of vexation or delay, but because it believed in good faith, on account of the matters heretofore discussed, appellees were not entitled to recover, and for the further reason that it was necessary to reform the policy before it knew to whom it was liable. We think there is no merit in these contentions, and we decline to follow the decision of the Circuit Court of Appeals in *Standard Accident Ins. Co.* v. *Rossi*, 35 Fed. (2d) 667, for the reason that we have many times heretofore taken the contrary view. We have many times held that the insured is entitled to recover the penalty and attorney's fee in every case where there was a judgment rightfully obtained for the sum demanded, in accordance with the provisions of the statute. The statute provides that, if the company shall fail to pay within the time specified in the policy after demand therefor, it shall be liable for damages and attorney's fees. In *Fidelity & Cas. Co.* v. *Meyer*, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493, we said: "The fact that defendant found some justification in the certificates furnished for its contention that death did not result from the accident, does not put the case outside of the statutes providing for assessment of damages and attorney's fees where the liability is established and timely demand for payment has been made." So here the fact that appellant may have thought it had a meritorious defense, and in good faith presented same, does not take the case out of the statute. Nor did the fact that the policy provided that the State Bank was a mortgagee preclude it from making settlement by determining to whom the insurance was due and the amount to each of the parties, nor from bringing an interpleader's suit and depositing the money in court to be distributed by the court. It did neither of these things, but denied liability on other grounds.

We find no error, and the judgment is accordingly affirmed.