50

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*D. Leonard Lingo, Harry L. Ponder,* for appellee.

Carleton Harris, Chief Justice. Appellee, Bert ·Gaither, was involved in a collision while driving his 1963 International truck. At the time of the collision, Gaither held a policy of insurance with the appellant, Southern Farm Bureau Casualty Insurance Company, and the policy was in full force and effect. The particular provision pertinent to this litigation is as follows:

"The limit of the company's liability for loss is the actual cash value of the automobile or its damaged parts .at the time of loss. The company may pay any loss or repair or replace the automobile or its damaged parts * * *."

An estimate was made by Webb Body Shop of Walnut Ridge, and a repair estimate was made on June 10, 1963, in the amount of $1,426.35. The appellant com-

pany authorized repairs on the basis of this estimate,[1] but appellee insisted that he was entitled to a new cab, and he refused to authorize the repairing agency to proceed. The testimony reflected that subsequently additional damage to the truck was discovered, consisting of a bent frame, and two badly cut tires, which were not included in the Webb estimate.[2] Appellee filed his complaint against appellant, and, after amendment, sought judgment in the amount of $2,618.07, together with penalty, attorney's fee, and costs. The company answered, contending that it was liable only to the extent of $1,326.35, and that it had promptly offered to pay this amount, which would fully comply with the policy, but appellee had refused to authorize the repairs. On the day of trial, Gaither reduced the prayer of his complaint to $2,075.00, but the company only tendered the aforementioned $1,326.35. At the conclusion of the evidence, appellant moved for a directed verdict, but the motion was denied. On trial, the jury returned a verdict for appellee in the amount sought, and the court thereupon entered its judgment for $2,075.00, plus a penalty of $249.00 and an attorney's fee of $350.00, together with costs. From such judgment comes this appeal.

Appellant contends that under the policy of insurance it had an absolute right to repair the damaged vehicle, provided it exercised its option to do so within a reasonable time, and obtained a reputable repairing agency, located at a reasonable distance from Gaither's home, to handle the repairs. It is asserted that when the company elected, under its option, to repair the vehicle, the original contract was converted into a contract to repair.

Appellee contends that it was the duty of the company to repair the truck in a manner that would restore it to substantially the same value as at the time of the collision. We have held that the measure of damages is

---

[1] The collision coverage provided that the first $100.00 must be paid by the insured.

[2] On August 29, an estimate was obtained from Lawrence County Implement Company on the latter damage, which totaled $774.33.

the difference in the market value of the vehicle immediately before and after the collision. *Resolute Insurance Co.* v. *Mize,* 221 Ark. 705, 255 S. W. 2d 682; *Kane* v. *Carper-Dover Mercantile Co.,* 206 Ark. 674, 177 S. W. 2d 41; and *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S. W. 2d 14, 3 A.L.R. 2d 593.

The company points out that a letter had been directed to Gaither in June, advising, ''Repairs to your truck will be guaranteed, insofar as any damage to the vehicle sustained in the accident;'' a similar letter was written in July, and the company agent also testified that he told appellee that the company would guarantee repairs and that if any item was overlooked or not properly repaired, same would be corrected at the expense of the company. However, it is admitted that the company would not agree to pay for a new cab, and it is also undisputed that no offer was made to pay for the damage subsequently discovered (the bent frame and damaged tires).

We think a jury question was presented through the evidence offered. The proof reflected that the truck had been driven approximately 1,000 miles, *i.e.,* it was practically new. Evidence was offered on behalf of appellee to the effect that the truck, with a repaired cab, would be less valuable than with a new cab. Wallace Jones, an implement salesman, testified that to repair the damaged cab, rather than to replace it with a new one, would decrease the value of the truck somewhere between $300.00 and $500.00. This witness also stated that he had observed the bent frame with the naked eye, and that the two tires were badly damaged, and would have to be replaced to restore the truck to its prior value. He testified that, in his opinion, the truck had a value of $3,275.00 before the accident, and $1,100.00 after the accident.

John Shaffer, shop manager of Lawrence County Implement Company, also testified that the frame of the Gaither truck was bent.

Appellant company offered evidence to the effect that the frame was not bent, but this, of course, was a jury question.

Considering the rule governing this type of case, as stated in *Resolute Insurance Co.* v. *Mize, supra,* and the fact that a practically new truck was involved, we think there was sufficient evidence that appellant, though willing to repair the truck on the basis of the first estimate made by Webb Body Shop ($1,426.35), had not made an offer that would substantially restore the vehicle to its prior market value.

It follows that the court did not err in refusing to direct a verdict for appellant, and the judgment is therefore affirmed.